CITY OF LEADVILLE V. MATTHEWS.

10  125
7a  450

It is not necessary that the annual appropriation ordinance or bill, required by statute of a city, specify each particular office and the exact sum to be paid the incumbent thereof.

*Appeal from the District Court, Lake County.*

Mr. C. H. WENZELL, for appellant.

Mr. JOHN MURPHEY, for appellee.

HELM, J.  Matthews brought suit to recover for services rendered as street commissioner of the defendant city.  Judgment was duly entered in his favor for the sum of $400.  But a single question is presented upon this appeal, viz.:  Does the evidence show that the preceding city council made such an appropriation as is required by law for the payment of the street commissioner's salary during the fiscal year, when plaintiff acted in that capacity?

The annual appropriation bill for the year mentioned is before us.  It recites a total appropriation of $125,000 to meet the entire municipal expenses.  This sum was, by the bill, subdivided into appropriations for the following specific objects or purposes, to wit, "salary fund," "streets," "fire," "gas," "interest" and "contingent expenses."  This, we think, so far at least as the question at bar is concerned, a sufficient compliance with section 3326 of the General Statutes, upon which appel-

lant relies. It is, in our judgment, not necessary that the annual appropriation ordinance or bill specify each particular office, and the exact sum to be paid the incumbent thereof.

The street commissioner of Leadville is elected by the city council to serve for a definite period, unless sooner removed. His duties are defined by ordinance. By ordinance, also, or by resolution, a regular salary is provided for, and the amount thereof is fixed. He is an officer of the city, and, for aught that appears in the record before us, is entitled to be paid out of the "salary fund." The appropriation bill apportioned $65,000 to this fund, and at the time plaintiff made demand for his pay, upwards of $5,000 remained therein unused.

The district court committed no error in ruling upon the matter complained of, and its judgment will be affirmed.

*Affirmed.*