42  327
45  693

THE BOARD OF COMMISSIONERS OF SHAWNEE COUNTY
v. THE STATE OF KANSAS, on the relation of R. B.
Welch, County Attorney.

1. COUNTY ROAD —*Mandamus* — *Good Return to Writ* — *Demurrer* —
*Error.* An answer in the return of the board of county commis-
sioners to an alternative writ of *mandamus* commanding it to
appoint commissioners for the improvement of a county road, un-
der the provisions of chapter 214, Laws of 1887, alleging among
defenses, "that there was not a sufficient amount of money in the
general fund of the county to pay the current expenses of the
county and make such improvements on said road; and that the
levy to meet the current expenses of the county was so large that if
they made a levy to make the improvements petitioned for, in addi-
tion to the levy to meet current expenses, it would exceed the limit
allowed by law; or, if the amount of the levy to meet current ex-
penses was reduced in order to allow the levy for such improve-
ments, there would not be sufficient funds to meet current expenses,"
is a good return to the alternative writ, and it is error to sustain a
·demurrer thereto.

2. ALTERNATIVE WRIT —*Material Allegation.* When it is sought to en-
force by *mandamus* the performance of a public duty by an officer
· of the county, which is coupled with the expenditure of the general
fund of the county, the alternative writ ought to allege that there was
sufficient money belonging to the particular fund which could le-
gally be appropriated to the purpose.

*Error from Shawnee District Court.*

THE opinion states the case.

*Charles Curtis,* for plaintiff in error.

*Max Henry,* and *H. H. Harris,* for defendant in error.

Opinion by SIMPSON, C.: On the relation of the county
attorney of Shawnee county, an alternative writ of *mandamus*
was issued out of the district court of Shawnee county on the
14th day of November, 1888, directed to the board of county
commissioners of said county. It recited that on the 12th day
of May, 1888, H. D. Rice filed with the said board of county
commissioners a petition signed by a majority of the resident

landholders within one-half mile on either side along the line of the county road on the township line between townships eleven and twelve, of range sixteen, in said county, asking for the improvement of said road between the points enumerated therein, and the assessment in payment thereof to be made for five years in accordance with the provisions of chapter 214, Laws of 1887. That upon the filing of said petition the said board caused an entry to be made on its journals, commanding the county surveyor to make an accurate survey and careful estimate and specifications for the improvement of said road as petitioned for, as provided for in § 3, ch. 214, Laws of 1887; that on the 5th day of July, 1888, the surveyor filed with the board his report of the survey, with profile map and specifications as directed; that on the first day of October, 1888, application was duly made to the board to have appointed road commissioners for the improvement of said road as prescribed by the statute, but that the board refused and still refuses to appoint said commissioners.

The board for its answer and return to the alternative writ says:

"1. The petitioners have a plain and adequate remedy at law in this, that any one of them, or all of them, have the right to appeal from the order of the board refusing to appoint commissioners.

"2. The board refused because there was not a sufficient amount of money in the general fund to pay the current expenses of the county and make such improvements on said road, and that the levy to meet current expenses of the county was so large that if it made a levy to make the improvements petitioned for in addition to the levy to meet current expenses, it would exceed the limit allowed by law, or if the amount of the levy to meet current expenses was reduced in order to allow the levy for improvements, there would not be funds sufficient to pay the current expenses.

"3. The board was advised and believed that the law of 1887 providing for the improvement of county roads is unconstitutional.

"4. There was quite a number of petitions presented to the board under the law of 1887, that came up for action at the same time of this petition, and to make the improvements

petitioned for by all to be made, would more than exhaust the general fund of Shawnee county."

To this return there was a special demurrer filed as to each answer, and this demurrer was sustained. Standing on its return, the board brings the case here for review.

Numerous questions are discussed in the briefs of the plaintiff in error: among them is that of the unconstitutionality of the legislation of 1887; the insufficiency of the petition in not particularly designating the kind of road, whether state or county; and some other alleged errors. We think that when a writ of *mandamus* is applied for against the board of county commissioners, for the performance of a public duty, which is accompanied by the expenditure of public money out of the general revenue fund of the county, or any specific fund, the alternative writ is fatally defective if it does not allege that there is a sufficient amount of the specific or general fund that can be appropriated to the purpose. The alternative writ in this case does not contain such an allegation. The answer to the writ does allege that there is not a sufficient amount of money in the general fund to pay the current expenses of the county and make such improvements. To this defense there was a demurrer interposed, and the truth of the answer is admitted by it. The theory upon which the demurrer was sustained by the court below must have been that the legislature of 1887 did not require any immediate payment of money out of the county treasury. It seems to us that the act in question contemplates that the improvements of the public roads made under its provisions shall be paid for in the following manner: First, the fees of the county surveyor for a survey of the road, the estimate of the cost, and the specifications of the improvement, and the map showing the several tracts of land within one-half mile on either side of the proposed improvements, at the end of the quarter within which the services are rendered by the surveyor. Second, the *per diem* of the commissioners and superintendent under §§ 4, 5, 6 and 7 of the act. It is not now necessary to decide whether the one-third of the cost of the improvement, to

be paid out of the general fund of the county, means an immediate payment on the completion of the work, or that it can be paid in installments, at such times as may be designated in the petition, for the reason that the other payments above recited are plainly directed to be made out of the county funds as soon as the services are rendered. These cannot be postponed for future levies and collection. Hence, the performance of the duty must be accompanied by a provision for the payment of these necessary expenses, and as it is alleged in the answer that there is not sufficient money that can be appropriated to these purposes, a good defense was pleaded. (See *The State, ex rel., v. Comm'rs of Cloud Co.*, 39 Kas. 700.)

In this view it is not necessary to notice the very vigorous attack upon the validity of the act of 1887. There was error in the order of the court below in sustaining the demurrer to the answer, and because of it we recommend that the case be reversed, and remanded to the district court for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.