BROCK v. BOLTON.

1. UNDERTAKING—DAMAGES—COSTS.—The obligors to an undertaking by defendant to pay "any damages that may be awarded against" him in an action of claim and delivery, are not liable for the costs adjudged to be paid by the defendant in that action, as the word "damages" in such an undertaking do not include costs.

Before NORTON, J., Greenville, November, 1890.

This was an action by E. F. Brock against D. E. Bolton, J. L. Adams, and N. C. Dacus. The opinion states the case.

*Messrs. James I. Earle* and *John R. Bellinger*, for appellants.

*Mr. A. Blythe,* contra.

November 21, 1892. The opinion of the court was delivered by

MR. JUSTICE POPE. It seems that the appellant, as plaintiff in an action begun in a trial justice's court in Greenville County against the respondent, D. E. Bolton, sought the recovery of a mare and colt. The respondent, D. E. Bolton, as defendant, complied with the statutory requirement, so as to keep them in his possession, pending the trial, by entering into a bond, with J. L. Adams and N. C. Dacus as his sureties, in the penalty of $180, conditioned that "If the court ordered a return of the property to the plaintiff (E. F. Brock), and the said D. E. Bolton complies therewith and paid any damages awarded against him in said suit, then this undertaking to be void, &c." It was adjudged in that action for claim and delivery, that Bolton deliver up said property, or pay the sum of ninety dollars in case a delivery could not be made, and it was also adjudged that he pay $38.95 as costs. Bolton delivered the personal property. Execution was issued to recover costs, but was returned wholly unsatisfied. Thereupon the appellant brought the action at bar against the respondents on said undertaking or bond to recover his $38.95 costs. The Circuit Judge held that the bond did not include *costs* in that part that provided for payment of "any damages awarded against him in said suit." Judgment being entered up by defendants, respondents, plaintiff now appeals. The only question raised by this appeal is, was the Circuit Judge in error in his conclusion that costs were not included in "damages?"

The appellant very frankly admits that Mr. Bouvier in his law dictionary, in a note to the title damages, says: "In modern law the term [damages] is not used in a legal sense to include the costs of the suit, though it was formerly so used." In *Devereaux* v. *Champion Cotton Compress Company*, 17 S. C., 74, this court stated that in action for *tort*, as to property, the word "damages" includes any injury to plaintiff's property. This defendant, Bolton, was a *tort feasor*, and his bond, when he stipulates to pay any damages that may be awarded in the suit, can only include by such word "damages" any injury to the mare and colt, or connected therewith, or growing out thereof. If the plaintiff, appellant, was not satisfied with the language used in the bond, he ought to have.

6—37

moved before the trial justice for its correction. The parties are entitled to stand upon the bond as they signed it.

But appellant calls our attention to the case of *Rhodes* v. *Burkart*, 28 S. C., 155, to support his proposition that the bond should be liberally construed so that "costs" may be included in "damages." By referring to that case, it is seen that the bond therein executed stipulated, in its condition, to return the property when adjudged, and also to pay whatever sum of money for any cause should be recovered in that action. This court held that this stipulation was broad enough to include costs. It will be observed that "damages" were not named. If the appellant had observed, the very next case in that volume of reports, *Stoney* v. *Bailey*, distinguished between *damages* and *costs*, although such question was not discussed. We have looked into the case of *State* v. *Wylie et al.*, 2 Strob., 113, but find nothing to support the claim of plaintiff, appellant. Our conclusion is that the Circuit Judge did not err herein.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.