· Pope Manufacturing Co. *vs.* D. L. D. Granger, City Treasurer.

PROVIDENCE—MAY 13, 1899.

Present: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)   *Municipal Contracts.   Principal and Agent.*

While the city council of the city of Providence has the entire control of the moneys belonging to the city, under the provisions of the charter of said city, and no committee, either of the council or of either branch thereof, has any authority, except as authorized by vote or ordinance thereof, to incur any liability or expend any money, yet, after an appropriation has been made by the city council for a certain department, that branch of the city council or that committee thereof having charge

of such department may lawfully incur debts and audit bills to be paid out of the appropriations therefor; and this right is recognized by chapter 14 of the ordinances of 1887, page 406, so long as the amount of debts contracted is within the limit of the appropriation.

(2) *Power of Committee to Bind City.*

The committee of the board of aldermen on the health department of the city of Providence voted that the superintendent of health be authorized to purchase a bicycle for use in said department:—

*Held*, there being money subject to the control of the board of health sufficient to pay the bill at the time of contracting the debt, that, unless it appeared clearly that such an act was beyond their jurisdiction, or a palpable abuse of their discretion, it was binding upon the city and could not be questioned in a court of law.

*Held*, further, a subsequent ratification of the purchase by the committee, by the board of aldermen was equivalent to a resolution authorizing the purchase of the same in the first instance.

ASSUMPSIT.   Heard on agreed statement of facts.   Case remitted to District Court to enter judgment for plaintiff.

TILLINGHAST, J.    This is an action of assumpsit to recover the sum of $50 for a bicycle.    The agreed statement of facts shows that at a meeting of the committee of the board of aldermen on the health department, held September 27, 1897, it was voted that the superintendent of health be authorized to purchase a buggy with rubber tires, at a cost not to exceed two hundred dollars, and a bicycle not to exceed fifty dollars; that on the same day the superintendent of health purchased of the plaintiff a bicycle for fifty dollars, which was on the same day delivered to Walter J. Lewis, inspector of nuisances of the health department; that on September 30th of the same year, at a meeting of said committee, the schedule of bills for the month of September, containing the bill of the plaintiff for fifty dollars, was examined and approved; that on October 7th of the same year, at a full meeting of the committee on the health department, a communication from the city auditor relative to the bill of the plaintiff for said bicycle was read, and that after a free discussion it was voted that the committee see no sufficient reason for rescinding their resolution of September 27th, authorizing the purchasing of a bicycle at a cost not to exceed fifty dollars, and

voted that the city auditor be requested to audit the bill of the plaintiff, which was returned with his communication of October 2d for further consideration; that on October 14, 1897, the city auditor presented to the joint standing committee on accounts of the city council, without his approval, the aforesaid bill of the plaintiff, sent to him with the approval of the superintendent of health, the committee on health, and the board of aldermen; that the auditor's reason for not approving the bill was that the city council had not authorized the use and purchase of bicycles, and that such authority of the city council should first be obtained. Said joint standing committee afterwards voted to refer the bill to the city council, which was done, and after some discussion by that body it was indefinitely postponed. It further appears that at the time the bill in question was contracted there was an unexpended balance of an appropriation made by the city council for the health department, sufficient in amount to pay said bill.

In view of these facts, the question presented for our decision is whether the defendant is liable on said contract.

(1)    The defendant contends that the city council alone has the right to expend the money of the city and to provide how it should be expended. He relies for this position upon clause 13, page 8 of the city charter—Ordinances of Providence, Revision of 1887—which provides that "The city council shall take care that money shall not be paid from the treasury unless granted or appropriated." His contention in this regard is doubtless correct. The city council has the entire control of the moneys belonging to the city, and no committee of the council or of either branch thereof has any authority, except as authorized by vote or ordinance thereof, to incur any liability or expend any money. But while this is so, we understand that after an appropriation has been made by the city council for a certain department, such, for instance, as the poor department, or the health department, that branch of the city council or that committee thereof having charge of such department may lawfully incur debts and audit bills to be paid out of the appropriation therefor. Chapter 14 of

the ordinances of 1887 (see page 406 *et seq.*) clearly recognizes the right of the various departments and committees thus to contract debts so long as they keep within the limit of the appropriations made.   Section 2 reads as follows : " In every financial year the specific appropriations for the several objects enumerated in the ordinance making appropriations for such year shall be deemed to be the entire amount to be expended during such financial year by the several committees having charge of the respective appropriations ; and after the passage of such ordinance no expenditures shall be authorized for any object unless there be sufficient money in the treasury, unappropriated, to meet such expenditures, or unless provision for the payment thereof shall be made by transfer from some of the appropriations already made, or by directing the city treasurer to borrow the money required therefor."

(2)     The board of aldermen is *ex officio* the board of health for said city.   Gen. Laws R. I. cap. 40, § 13.   As a board of health they have sole charge of all matters within their jurisdiction, and when an appropriation has been made to enable them to discharge their duties, we fail to see any reason why they may not lawfully contract bills, in their discretion, to be paid out of such appropriation.   They are sworn officials of the city ; they constitute an important branch of the city government and are charged by law with the discharge of very important duties, especially when acting as a board of health, and it is certainly to be presumed that they will intelligently and faithfully perform such duties ; and unless it clearly appears that a given act, like the one in question, is either beyond their jurisdiction or is a palpable abuse of their discretion, it is binding upon the city and cannot be questioned in a court of law.   In the case at bar the purchase was made by authority of a committee of the board of health ; the bill was approved by said committee, by the superintendent of health, and also by the board itself ; and there was money subject to the control of said board sufficient to pay the bill.

It is true, as said by defendant's counsel in his brief, that there was no resolution of the board declaring that a bicycle

was necessary and directing its purchase, as he says was the custom in other cases. But the subsequent ratification of the purchase by the board was equivalent to a resolution authorizing the same. In short, the purchase was in effect the act of the board as fully as if it had been made in pursuance of a resolution to that effect.

As to the auditor's reason for not approving the bill, viz., that the city council had not authorized the purchase and use of bicycles and that such authority should be first obtained, we reply, that while ordinarily it is doubtless better for any committee or department of the city government to obtain special authority for the purchase of any materials which are of an entirely different character from those previously or usually called for or considered necessary in prosecuting the work of such department, yet we cannot say as a matter of law that it was necessary that such authority should have been obtained in this case. We think the bill in question was lawfully contracted, and that the plaintiff is entitled to judgment for the amount claimed with costs.

Case remitted to the District Court of the Sixth Judicial District, with direction to enter judgment for the plaintiff for the amount claimed and costs.