GOULD, Appellant, v. KELLER, Health Officer, Respondent.

(154 N. W. 649.)

(File No. 3797.   Opinion filed November 4, 1915.)

**Mandamus—Health Officer—Removal of Patient to Pesthouse—Necessity of Appropriation Ordinance—Statute—Commission Government.**

Where a city ordinance made it the duty of the health officer to cause infected persons to be removed "to the pesthouse or city hospital, or some other safe and proper place," and empowered the health board, with approval of city council, to provide a site for such pesthouse and to establish same and erect buildings therefor, **held**, that, no ordinance having been passed under which respondent, the health officer, was provided with, or given power to obtain, means or funds necessary to provide such pesthouse, and no means therefor having been provided him from any source, and no "appropriation ordinance" providing funds for such a purpose having been passed by city council acting under commission government (Laws 1913, Ch. 119, Sec. 116,) and no funds being expendible by such officer without such ordinance having been previously passed, respondent could not be required by writ of mandamus to remove a smallpox patient from relator's house to "the pesthouse or city hospital, or some other safe and proper place;" the city having no pesthouse, hospital, or such "place."

Appeal from Circuit Court, Minnehaha County.   Hon. JOSEPH W. JONES, Judge.

Application by E. L. Gould for a writ of mandamus against W. F. Keller, as Health Officer in and for the City of Sioux Falls, to compel respondent to remove from relator's house a smallpox patient.   From an order denying the writ, Relator appeals.   Affirmed.

*B. O. Stordahl (L. E. Waggoner* of counsel), for Appellant.

*D. J. Conway,* for Respondent.

Appellant submitted that:   Under the section of this ordinance it is defendant's duty to provide a pest house, or see that one is provided by the Board of Health, and it is his own failure of a duty imposed upon him that he sets up as a defense.   When

the law imposes a duty upon an official it also grants him authority to provide any means reasonably necessary in order to carry out his duty; and cited: Elliott v. Kalkaska Supervisors, 25 N. W. 461; Staples v. Plymoth Co., 17 N. W. 569.

Section 42 of Ordinance 121, providing: "It shall be the duty of the Health Officer to enforce all laws of the state and ordinances of the city in relation to the sanitary regulations of the city." This in connection with the requirement that the board of health shall provide pest house etc., makes it the positive duty of the health officer to see that a pest house is provided. It is made his further duty by section 46 of this ordinance to see that the pest house is properly provided with fuel, furniture, etc.

Under section 50 it is mandatory for the board of health to establish a pest house. When an authority is granted to an officer for the benefit of the public, courts generally construe the word may as must. Swenehart v. Stratham, 12 S. D. 313; Rock Island v. U. S., 71 U. S. 435.

Respondent submitted that: The City of Sioux Falls had never provided a pest house or city hospital, nor had it at the date of the writ, such house or any accommodation for the caring of people afflicated with infectious or pestilential diseases. The city health officer, under the laws creating cities under commission, was and is powerless to incur indebtedness chargeable against the city for the purpose of providing buildings or places to be used for a pest house or city hospital; such power being solely in the board of commissioners of the city of Sioux Falls; nor is the board of commissioners allowed to incur any such indebtedness for which an appropriation has not been theretofore made. Secs. 115, 116, 117, 118, 119 and 120, chapter 119, Laws of 1913; Van Syssel vs. Scheuring, (Wis.) 141 N. W. 101, and cases there cited; State ex rel. v. Mayor of City of Ahnapee, 74 N. W. 783; State ex rel. Redenius v. Waggensen, 122 N. W. 726.

WHITING, J. Plaintiff, a resident of Sioux Falls, sought a writ of mandamus to compel respondent, the health officer of said city, to remove a smallpox patient from relator's home "to the pesthouse or city hospital, or some other safe and proper place." The circuit court refused the writ, and relator appealed.

An ordinance of said city provided, among other things, as follows:

"Sec. 45. (Visitation of Sick—Infectious Disease.)  It shall be the further duty of the health officer to visit and examine all sick persons who shall be reported to him as being sick or supposed to be sick with any infectious or pestilential disease, and cause all such infected persons to be removed to the pesthouse or city hospital, or some other safe and proper place.  *  *  *

"Sec. 50. (Grounds and Buildings.)  The board of health, by and with the approval of the city council, may select, purchase, lease and establish such site, place or places for a pesthouse, or hospital, and may erect from time to time such buildings upon such sites or places, and keep the same in repair, as in the judgment of the said board shall be necessary."

The smallpox patient was an employe in the home of relator. The respondent received proper notice from relator, and visited the patient, but, instead of removing her from relator's house, he quarantined such house.  It appears that the city of Sioux Falls had no city hospital or pesthouse, and that it had not provided any other "safe and proper place" for the care of persons suffering from "infectious or pestilential disease."  Respondent alleged that he was powerless to do more than he had done in this case.

The trial court was clearly right in refusing the writ prayed for.  It is not shown that there was any ordinance under which the respondent was provided with, or given the power to obtain, the means or funds necessary to provide a suitable place and the necessary equipment for the care of the patient in question.  It is not shown that respondent as such officer had been provided with such means from any source.  Sioux Falls is a city under commission.  No officer of such city can expend any of its funds unless the "appropriation ordinance" for the current year provides a fund for the purpose for which the expense is sought to be made. Section 116, c. 119, Laws 1913.  There is no showing that the said city had, by an "appropriation ordinance," provided any fund upon which warrants could have been drawn to provide any place for the care of this smallpox patient.  Certainly no officer should be compelled to perform any duty involving the expenditure of funds, where no funds have been provided with which to meet such expenditure.  How could respondent comply with the writ prayed for?  He could not compel the commissioners of said city to provide a place, and he could not be compelled to provide a

place at his own expense. We agree fully with the following.

"It does not necessarily follow, because a person has a clear legal right which can only be effective by the act of another, that it is the clear duty of the latter to perform such act at the particular time and in the particular manner such person may demand it. It is fundamental that both conditions must exist, the right and the duty to act, before the extraordinary remedy can be successfully invoked. * * * Where the doing of the official act in question requires the expenditure of money, performance cannot be coerced by mandamus, in absence of a showing that money is presently available, applicable to do the particular matter." State v. Waggenson, 140 Wis. 265, 122 N. W. 726, 133 Am. St. Rep. 1075; Miller et al., County Com'rs. v. State ex rel. Welch, 42 Kan. 327, 22 Pac. 326; 26 Cyc. 435.

The order appealed from is affirmed.