CALMENSON CLOTHING CO., Respondent, v. KRUGER, Mayor, Appellant

(281 N. W. 203.)

(File No. 8133. Opinion filed August 10, 1938.)

*Van Styke & Agor,* of Aberdeen, for Appellant.
*E. B. Harkin,* of Aberdeen, for Respondent.

WARREN, J. Plaintiff applied for a writ of mandamus to compel the mayor of the City of Aberdeen to sign a warrant in the sum of $199 issued by the city auditor of the City of Aberdeen to the plaintiff. Prior to the commencement of the action, the claim had been presented to the city commissioners, allowed and ordered paid. The record discloses the fact that the mayor had voted for the allowance of the bill and claim, but thereafter changed his mind and refused to sign the warrant.

From the testimony it appears that the City of Aberdeen for some time had maintained a paid, uniformed fire department. That

Commissioner Wallace, acting on behalf of the city, purchased certain overcoats from the plaintiff for use of the men in the fire department. The defendant, Ira Kruger, as mayor of the City of Aberdeen, contended upon the trial that there was no authority of law permitting the city to expend money for such purposes as there had been no appropriation ordinance made for the current year providing funds for this specific purpose and that the appropriation ordinance enacted by the city failed to provide for dress overcoats for the firemen and failed to specify any expenditure except for additional equipment and the repair thereof; and further, that subsection 20 of Section 6169, Revised Code 1919, specifies the only purpose for which expenditures may be made in relation to the operation of a fire department. Also, that Sections 6334, 6335 and 6336, specifying the authority of the city with respect to the expenditures by the city, and acts amendatory thereto, provide that no expenditures for such purposes may be made without an appropriation ordinance for the current year providing a fund for the specific purpose. Upon the close of the trial, the court made findings of fact, conclusions of law and a judgment in favor of the plaintiff. A motion for new trial was submitted to the court. Upon the overruling of the motion for new trial, the defendant perfected an appeal to this court from the judgment and peremptory writ of mandamus and from the order overruling his motion for new trial.

The court's finding No. 3 relates to the purchase of the overcoats and agreement to pay the purchase price, and states that at a regular meeting of the city commissioners of the city such sale and claim was presented and audited and allowed and ordered paid, and that all of the city commissioners and the mayor voted favorably to the allowance of said bill. In finding No. 5, the court found that at the time the warrant was presented to the mayor an appropriation for expenditures of the fire department of the City of Aberdeen had been made for the current year of 1937, and that such appropriation had not been spent nor exhausted. In finding No. 9, the court found that the coats purchased were reasonable and suitable for service and wear for the fire department maintained by the city of Aberdeen and that the city commissioners had approved and made the allowance of the claim as an expenditure of the city money for the equipment. Also, by finding No. 10, that a

city of the first class may exercise its discretion as to whether or not it shall provide uniforms for the members of its fire department. We are of the opinion that the findings must be sustained as they seem correct from the evidence submitted.

In considering the assignments of error, we examine first, exhibit 1, the annual appropriation ordinance, and under the heading "General Fund," we find this item, "Fire department account, $29,535.00." We believe the appropriation ordinance is sufficient and complies fully with certain provisions of our statutes relating to and specifying what appropriation ordinances shall contain. Section 6334, Revised Code 1919, in part is as follows:

"Such ordinance shall specify the objects and purposes for which such appropriations are made and the amount appropriated for each object or purpose, which amount shall be appropriated from the proper fund. * * * Such annual appropriation ordinance shall also contain the annual tax levy, which for all purposes except park purposes shall not exceed the limitations prescribed by article 1, chapter 5, part 9 of this title. Such ordinance shall also apportion among the various funds provided for therein the amount levied for general purposes and shall designate the amount to be applied upon each fund."

Examining the appropriation ordinance in the light of the statute, we must admit that the appropriation ordinance is broad in that it uses, so far as the fire department is concerned, the words, "Fire department account, $29,535.00." It will, however, be observed that immediately above this language there is contained the number of the ordinance, the statement that it is for the annual appropriation of the fiscal year of 1937 for the City of Aberdeen and that the sums of money are for the purposes which are deemed necessary to defray all necessary expenses and liabilities of the City of Aberdeen.

We do not believe that it is necessary to enumerate countless items into an appropriation ordinance in order to stay within the meaning of our statute. See Hett et al. v. City of Portsmouth et al., 73 N. H. 334, 61 A. 596; City of Leadville v. Matthews, 10 Colo. 125, 14 P. 112; Commonwealth ex rel. Greene v. Gregg, 161 Pa. 582, 29 A. 297; and Commonwealth ex rel. Firemen's Relief Association v. Barker, 211 Pa. 610, 61 A. 253.

■ We believe that the city council had implied power to purchase the overcoats, and what constituted proper equipment for their paid fire department was a matter for their consideration and discretion. Pope Mfg. Co. v. Granger, City Treas., 21 R. I. 298, 43 A. 590.

We are mindful of Gould v. Keller, 36 S. D. 253, 154 N. W. 649, cited by appellant, to the effect that no official of a city can expend any of its fund unless an appropriation ordinance for the current year provides a fund for the purpose for which the expenditures are sought to be made. But it will be observed that there is a distinction between that case and the case at bar, for in that case there was no showing that the city had passed an ordinance making appropriations. There is a vast difference between the facts in that case where no appropriation had been made and this case where there was an ordinance passed which we have held was a good and valid appropriation. Other citations along this line, cited by appellant, we feel are not applicable to the facts in the instant case.

■■ Appellant, by an assignment, attacks the judgment and findings of the court wherein the court, in finding No. 8, stated that the plaintiff had been injured and damaged by reason of the arbitrary and unreasonable action on the part of the defendant; that such injury and damages consisted of the expenses to which he had been put to assert his right; and that the plaintiff would be entitled to include his costs in the proceedings together with a reasonable sum as expenditure for counsel and attorney fees, which were fixed by the court in the sum of $75. Section 3016, Revised Code 1919, provides:

"If judgment be given for the applicant, he may recover the damages which he has sustained, as found by the jury or as may be determined by the court or referee, upon a reference to be ordered, together with costs; and for such damages and costs execution may issue; and a peremptory mandamus must also be awarded without delay."

It has been the usual practice in this state and in other states not to allow attorney fees for services in the case at hand as part of the costs in such case. 15 C. J. 114, § 248. Certain specific statutory exceptions to this rule have been made in this state. See Sections 2177, 2605 and 2606, Revised Code 1919. In this case,

the trial court has seemingly implied a statutory exception from the use of the word "damages" in Section 3016, as set out above. We do not concur in this interpretation of Section 3016. There seems to be a tendency of the courts not to extend the meaning of damages to include such elements as attorney fees. Williams v. Fidelity & Deposit Co., 42 Colo. 118, 93 P. 1119, 15 Ann. Cas. 722. See also Brock v. Bolton et al., 37 S. C. 40, 16 S. E. 370; Riley v. Mitchell, 38 Minn. 9, 35 N. W. 472; Gregory v. Woodbery, 53 Fla. 566, 43 So. 504. We feel that if it had been the desire of the legislature to provide for attorney fees in this statute, that in addition to using the word damages, it undoubtedly would have used the term attorney fees. Milwaukee Corrugating Co. v. Flagge et al., 180 Wis. 274, 193 N. W. 69. In the absence of an express statutory provision allowing attorney fees, we must abide by the general rule that attorney fees, for services in the case at hand, cannot be recovered in such case. There are authorities to the contrary. However, in passing upon this question for the first time, and after due consideration, we believe that a recovery of attorney fees should not be permitted in the absence of a sufficient statutory expression. Commodore Mining Co. et al. v. People ex rel. Reynolds, 82 Colo. 77, 257 P. 259.

The judgment is modified by deducting the $75 attorney fees, and as so modified, the judgment and peremptory writ of mandamus will be affirmed.

ROBERTS, P. J., and RUDOLPH, J., concur.

POLLEY, J., concurs specially.

SMITH, J., disqualified and not sitting.

POLLEY, J., (concurring specially). I concur in the disposition, made in the opinion in this case, of the question of attorney fees. But, there is no law nor ordinance authorizing the city government to pay for dress parade overcoats for the members of a paid fire department, and I dissent from such allowance.