## A. A. COOPER WAGON & BUGGY CO. v. STEDRONSKY BROS. CO.

An order for the purchase of goods, subject to its approval by the seller, is not a completed contract, but an offer which only becomes binding when accepted or approved by the seller.

In an action by the seller for the price of goods purchased upon an order which provided that it was subject to the seller's approval, plaintiff must allege and prove that he accepted and approved the order in order to recover.

In an action for the price of goods purchased upon an order which provided that it was subject to the seller's approval, where the complaint alleged that plaintiff had done everything required of it under the order defendant could show, under a general denial, that it had canceled the order before acceptance thereof by plaintiff, and that no notice of acceptance was received before it was canceled, as well as any other fact showing the nonexistence of the contract.

In an action for the price of wagons sold, where the complaint alleged that the order was subject to plaintiff's approval, and that it had done everything required of it under the contract, defendant could amend his answer, which originally consisted of a general denial and allegations of fraud, by averring that on a certain date defendant notified plaintiff that he would not receive the wagons and rescinded his order, and that up to such date plaintiff had not notified defendant of its acceptance of the order; the amendment raising no new issues.

Where an amendment to the answer raised no new issue, a continuance on the ground that plaintiff was not prepared to meet new issues raised by the amendment was properly denied.

A motion for a continuance on the ground that plaintiff was not prepared to meet a new issue raised by an amendment to the answer was properly denied when the motion was not supported by affidavit.

(Opinion filed, Dec. 15, 1909.)

Appeal from Minnehaha County Court.   Hon. D. R. BAILEY, Judge.

Action by the A. A. Cooper Wagon & Buggy Company against the Stedronsky Bros. Company. From a judgment for defendant on a directed verdict, plaintiff appeals. Affirmed.

*Joe Kirby,* for appellant. *H. D. James* and *Muller & Conway,* for respondent.

McCOY, J. The plaintiff by its complaint alleges that both plaintiff and defendant are corporations, and that on January 9, 1906, plaintiff and defendant entered into a certain written order or contract, whereby defendant agreed to purchase from plaintiff certain wagons, the purchase price of which amounted to $1,744.70, and which contract provided that the title to said wagons should at all times remain in plaintiff until the purchase price therefor is fully paid; that, in case of cancellation of said order, the plaintiff consenting thereto, the defendant should pay to plaintiff 20 per cent. of the amount of the purchase price mentioned in said order as compensation for loss of profits and expenses incurred in securing said contract, but that said consent would be optional with plaintiff; that said order also contained the provision that the same should be subject to the approval of A. A. Cooper Wagon & Buggy Company, the plaintiff. The plaintiff further alleged that on the 10th day of June, 1906, it shipped said wagons to defendant at Wagner, S. D., and that defendant refused to receive or accept the same, and that by reason thereof plaintiff was compelled to pay $240.47 freight and demurrage. Plaintiff also alleged that it had done each and everything required by it to be done under said contract. Plaintiff demanded judgment against defendant for $348.94, being 20 per cent. of the amount of the purchase price under said order, and for $240.47 said freight and demurrage. The defendant answered, denying generally the allegations of the complaint, and alleging that defendant's signature to said contract was obtained through fraud. Defendant admitted the incorporation of both plaintiff and defendant.

On the trial it was stipulated between the parties that the wagons in question were shipped by plaintiff to defendant by railroad on June 10, 1906, which goods arrived at Wagner in due course of time, and were rejected and never taken by de-

fendant. The contract mentioned in the complaint was offered and received in evidence, and plaintiff then rested its case. Defendant then called as witnesses John Stedronsky, who testified: "I am president and general manager of defendant, and receive all mails and attend to all office business of the firm. I have seen this order or contract before, and delivered it to John T. Summers." This witness was then asked the following question: "Did you ever prior to May 25, 1906, receive any notice from plaintiff that they had accepted this order? To which question the plaintiff objected on the ground that the same was not pleaded, and was immaterial. The objection was overruled and plaintiff excepted, and the witness answered, "No." The witness then further testified: "I mailed Exhibit 2 to the plaintiff at Dubuque, Iowa, on May 25, 1906, with all postage prepaid." Defendant then asked permission of the court to amend its answer by inserting therein the additional allegation as follows: "That on the 25th day of May, 1906, the defendant in this action notified plaintiff by written letter that it could not and would not receive said goods, and notified plaintiff that he rescinded and cancelled his order for said goods; that up to and until said 25th day of May, 1906, the plaintiff in this action had never notified the defendant of its acceptance of said order." To this offer to amend the plaintiff objected as being a matter plaintiff could not meet at said time. The objection was overruled, and defendant granted leave to amend. Defendant then offered in evidence Exhibit No. 2, and to which offer plaintiff objected as incompetent, immaterial, and a voluntary act on the part of defendant, and an unauthorized proceeding on its part. The objection was overruled and plaintiff excepted. Exhibit 2 was received in evidence and is as follows: "Wagner, S. D., May 25th, 1906. Cooper Wagon Co. Dubuque, Ia. Gentlemen: We are unable to use any farm wagons at this time, or in the near future, and therefore ask you to cancel our order which was to be shipped June 10th. (Signed) Stedronsky Bros. Co." Defendant then rested its case. Plaintiff then moved the court to strike from the record the evidence of defendant that no notification of acceptance of the order had been recived, as not within the issues

tendered by the pleadings, which motion was overruled and plaintiff excepted. Plaintiff then asked that the case be continued over the term because plaintiff was not prepared to meet the evidence that defendant did not receive notice of the acceptance of the order, which motion was overruled and plaintiff excepted. Defendant then moved the court for a directed verdict in favor of defendant on all the issues for the reason that plaintiff had failed to prove a contract existing between plaintiff and defendant as alleged in the complaint, and that the undisputed evidence shows that the order introduced in evidence was rescinded by the defendant before defendant was notified by plaintiff of its acceptance of the order, which motion of the defendant was granted and plaintiff excepted, and a verdict was then directed for defendant, and to which plaintiff excepted.

It is first contended that the court erred in overruling plaintiff's objection to the question asked the witness Stedronsky: "Did you ever prior to May 25, 1906, receive any notice from plaintiff that they had accepted this order?" We are of the opinion that the learned trial court ruled correctly. It will be observed that plaintiff in its complaint alleged that it entered into a contract or order with defendant for the sale of wagons which contract or order is set out in the complaint, and contains the following provision: "This order is subject to the approval of A. A. Cooper Wagon & Buggy Co." An order for goods containing such a provision is not a completed contract, but is only a proposal or offer to enter into such contract by the proposed purchaser, and only becomes a completed and binding contract between the parties thereto when the seller accepts or approves the same. The defendant by its answer denied that it had ever entered into such a contract with plaintiff; thus· directly putting in issue the existence of the contract. Under the circumstances of this case, it was necessary for plaintiff to allege and prove that it had accepted and approved said order. The plaintiff alleged that it had done each and everything required by it to be done under the terms of said order, and no demurrer having been made, under a very liberal construction, it might be held that the complaint was sufficient to raise the issue of the approval of the order. The plain-

tiff offered no evidence on this issue, other than what might be inferred from the shipping of the wagons, and under the general denial the defendant had the right to go into the question of the acceptance and approval of the order on the part of plaintiff as affecting the very existence of the contract itself, and for the purpose of showing that the offer or proposal to enter into such contract made by defendant never in fact became a complete or executed contract. The defendant also under the general denial had the right to offer in evidence the letter canceling the order for the purpose of showing that the contract was never entered into at all, and never became binding between the parties, and to show that defendant revoked the proposed offer to enter into such contract before plaintiff had notified defendant of its acceptance, as defendant had the right to do under the provisions of section 1215, Civ. Code, which provides that a proposal to enter into a contract may be revoked at any time before acceptance is communicated to the proposer, thereby conclusively showing that said proposed contract never at any time became a completed contract between the parties upon which plaintiff could maintain an action for breach thereof against defendant. The existence of the contract itself was put in issue by the general denial, and all the evidence objected to was admissible as directly bearing upon that issue. This case is different, and should be distinguished from a case where the contract is fully completed between the parties, and where the defense of fraud or breach of warranty or rescission of the completed contract is sought, as in such cases it is necessary for the defendant to affirmatively allege the facts constituting the defense. But conceding, in this case, that it was necessary for defendant to allege the cancellation of the order before notice of acceptance, the record shows that defendant on the trial was granted permission to amend the answer by inserting such allegations, which amendment was objected to by plaintiff, and the objection overruled and plaintiff excepted, but it is clear the judicial discretion was not abused, and that the amendment was properly made, if necessary.

Plaintiff also urges as error the ruling of the court in re-

fusing to grant a continuance after the evidence was all in and both parties had rested on the ground that plaintiff was not prepared to meet the new issue raised by the amendment to the answer. But, as we are of the opinion that no new issue was raised, and, besides, a motion to continue of this character must be supported by affidavit, which was not done, the ruling was not error. Rectenbaugh v. Port Huron Co., 22 S. D. 410, 118 N. W. 697.

We are of the opinion that the verdict was properly directed for defendant, and, finding no error in the record, the judgment of the county court is affirmed.