THOMAS MANUFACTURING COMPANY, Appellant, v. LYONS et al., Respondents.

(137 N. W. 340.)

**Contract—Sale—Offer and Acceptance—Countermand—Damages.**

> An order for machinery, given to plaintiff's agent, provided that it was subject to plaintiff's approval. Held, it was only an offer or proposal to enter into a contract, and did not become a binding contract until approval and acceptance, and notice thereof given to buyer, prior to which buyer could revoke or countermand the order and terminate the contractual relation, under Civ. Code, Sec. 1215, without becoming liable thereunder for damages of any character.

(Opinion filed July 26, 1912.)

Appeal from Circuit Court, Spink County. Hon. ALVA E. TAYLOR, Judge.

Action by the Thomas Manufacturing Company against B. F. Lyons and others, for breach of contract of sale of farm machinery. From a judgment for plaintiff for nominal damages, with costs in favor of defendant, plaintiff appeals. Affirmed.

*Sterling & Clark,* for Appellant.

Appellant's brief does not seem to embrace the phase of the case upon which the Supreme Court decided it upon the appeal.

*Bruell & Morris,* for Respondents.

If the order was accepted by plaintiff before its cancellation, we recognize the rule to be that they would be liable for any

damages plaintiff sustained by reason of the refusal to accept the goods, or by reason of the cancellation of the order under certain conditions, and as provided by statute, but if plaintiff fails to prove any damages, then, no damages can be presumed, except possibly mere nominal damages such as the court found in this case.

Then again; plaintiff had no right to go head and make additional expenses after being notified by defendants that they would not take the goods, this notification was received in October, 1910, and vendor cannot increase or enhance the damages for a breach by a purchaser of an agreement to purchase and receive property consisting of the difference between the market value at the time of refusal and the price agreed to be paid, by a tender of performance after notice by the purchaser that he would not accept the property purchased. Rhodes v. Cleveland Rolling Mill Co., 17 Fed. 426.

In such case, the vendor is limited to such damage as he may have suffered at the time of notice of the breach. Queen City Light Co. v. Gibson House Co., 4 Ohio 119; W. T. Adams Machine Co. v. Looney, 47 S. W. 671; Am. & Eng. Ency. of Law, 2nd Ed., Vol. 8, Page 153.

We contend further that the plaintiff in any event waived the 15 per cent liquidated damage clause in the order when it proceeded to ignore the countermand and continued to manufacture articles and ship them out here some six weeks after the time appointed for delivery. Then, upon the refusal of the defendants to take the goods, the plaintiff by accepting the goods and using them as its own and selling same, or a part thereof, without notice to the defendants, in such case the plaintiff rescinded the contract and is not now entitled to recover for the loss of the profits of the sale, or for any other damage. Redmond v. Smock, 28 Ind. 765; Woldert v. Arlege, 23 S. W. 1052.

McCOY, P. J.   Plaintiff brought suit against defendants to recover damages for alleged breach of contract of sale of certain farm machinery. As shown by the pleadings and proof, on May 28, 1910, defendants executed and delivered to a sales agent of

plaintiff, at Redfield, S. D., a written order for said machinery, to be shipped January 1, 1909. The said written order contained, as a part thereof, the following clause: "'This contract is subject to the personal approval of the president or secretary of the Thomas Mfg. Co., at Springfield, Ohio." This order also contained another clause, as follows: "Second party agrees not to cancel this order nor to have shipment held beyond 1910 season, except on payment to the Thomas Mfg. Co. of fifteen per cent. of. the invoice price of said order as liquidated damages." On the 26th day of October, 1910, defendants countermanded and canceled said order by letter of that date. Thereafter, on about March 1, 1911, plaintiff shipped said farm machinery to Redfield and offered to deliver the same to respondents, but who refused to accept the same, and plaintiff thereafter sold a portion of said machinery to other parties, and shipped the remainder to plaintiff's warehouse at Sioux Falls. The cause was tried to the court, without a jury, and findings and judgment rendered in favor of plaintiff for nominal damages, with costs in favor of defendants. Plaintiff appeals.

It is the contention of appellant that upon the countermanding of said order plaintiff became entitled to recover of defendants the said 15 per cent. of the invoice price of said order as liquidated damages; and that, in case it be held plaintiff is not entitled to recover said 15 per cent. under the provisions of section 1275, Civil Code, that then plaintiff is entitled to recover damages under section 2303, Civil Code. The trial court found that plaintiff could not recover under section 1275, and had not produced evidence sufficient to show any actual damage under section 2303. These findings are excepted to and urged as error. Respondents contend that under no condition of the record should plaintiff be permitted to recover damages, either the 15 per cent. under section 1275, or actual damages under section 2303, for the reason that plaintiff did not plead or prove that the president or secretary of plaintiff ever approved or accepted said order and gave respondents notice of such acceptance, and until such acceptance and notice thereof said order did not become a binding contract between said parties; and that respondents, at all times before

such acceptance and notice thereof, had the right to countermand and terminate said order, without becoming liable under such order for the payment of damages of any character. We are of the opinion respondents are right in such contention. This court held in Cooper Wagon & Buggy Co. v. Stedronsky Bros., 24 S. D. 381, 123 N. W. 846, that such a contract or order, given to an agent, and containing the provision that the same was subject to the approval of the principal, was only an offer or proposal to enter into a contract, and did not become an existing and binding contract between the parties until approved and accepted, and notice of such approval given to the proposed purchaser; and that until the giving of such notice of acceptance or approval, under the provisions of section 1215, Civil Code, such purchaser had the right to revoke or countermand such order and thereby terminate such proposed contractual relation. Watters v. Lincoln, 135 N. W. 712.

Finding no reversible error in the record, the order and judgment appealed from are affirmed.