THOMAS MANUFACTURING COMPANY, Appellant, v. LYONS et al., Respondents.

(141 N. W. 391.)

**1.  Pleadings—Issues—Sales Contract.**

Where, in a suit to recover on an alleged contract for sale of certain implements, defendant pleaded a general denial, and further alleged that at no time did. defendants purchase any machines or implements of plaintiff, **held**, the making of the contract was put in issue, and this Court, in deciding the case on appeal, did so upon a relevant issue.

**2.  Sales—Contract, Evidence of Approval of.**

Where the answer denies execution of an alleged contract of sale of machinery, and plaintiff introduced a written order for machinery, which provided that the contract was subject to personal approval of the president or secretary of plaintiff corporation, plaintiff was bound to follow with evidence that the contract had been accepted, and, failing this, had not proved its case.

(Opinion filed May 6, 1913.)

On rehearing. Rehearing denied.

For former opinion, see 29 S. D. 600, 137 N. W. 340.

*Sterling & Clark,* for Appellant.

*Bruell & Morris,* for Respondents.

No briefs were filed by either party on the rehearing.

GATES, J.  This cause is before us upon rehearing. The former opinion of this court is found in 29 S. D. 600, 137 N. W. 340.

[1] Much stress was laid in the petition for rehearing and in the argument made by counsel for appellant on the rehearing upon the point that the question upon which this case was decided by this court was not raised by the pleadings. In the petition for rehearing the material parts of the complaint and answer are set forth as follows: Paragraph 3 of plaintiff's complaint is as follows: "That on or about the 28th day of May, 1910, the plaintiff sold to defendants, and defendants agreed to accept and pay to the plaintiff, for four Thomas four-horse eveners at $25 each, and four trucks with pole for Southern disk harrow at $4.50 each, and.

two 18—6 single-disk grain drills at $82 each, and six 20—6 single-disk grain drills at $94 each, and four 22—6 single-disk grain drills at $100 each, making a total purchase price that the defendants agreed to pay to the plaintiff for said personal property in the sum of $1,246, and that the defendants and each of them covenanted and agreed to receive said personal property on or about the 1st day of January, 1911, and to pay to plaintiff for said personal property the said sum of $1,246 as aforesaid." Paragraph 3 of defendants' answer is as follows: *"Defendants deny each and every allegation contained in paragraph 3 of plaintiff's first cause of action.* Defendants admit that they entered into a contract with plaintiff on or about the 28th day of May, 1910, but allege the facts to be that defendants did not purchase or agree to purchase the implements and machinery described in said paragraph 3, and that the said implements described in paragraph 3 of said first cause of action were not the implements described in said contract, and that said contract provided that the title to and ownership of said machines and implements which might be shipped for the defendants to sell should remain in and be the absolute property of the plaintiff company, and that, in case any of the machines were sold, the proceeds of the sale should remain the absolute property of the plaintiff company, *and that at no time did the defendants purchase any machines or implements of the plaintiff."*

[2] It is our opinion that under the issues raised by the general denial, when the plaintiff put in evidence in support of its cause of action a written order for machinery, which provided that "this contract is subject to the personal approval of the president or secretary of the Thomas Manufacturing Company, at Springfield, Ohio," it was bound to follow that with evidence showing that the contract had been accepted. Failing to do so, it had not proved its case. It was not incumbent upon defendant to plead or prove nonacceptance.

We are urged to pass upon other questions raised in the briefs in order that this case may be a guide for the making of contracts in the future between dealers in machinery on the one hand and manufacturers or jobbers on the other hand. We do not think this is necessary. Courts are established to mete out justice; not to lay down rules of law for future guidance. We have ex-

amined carefully the record in this case, and are convinced that justice has been done. We are convinced that, even upon a new trial with proof in the case that the order had been accepted, the plaintiff could not recover damages for more than a trifling amount. For these reasons, we are not disposed to go further into this case.

The former opinion and judgment of this court are adhered to.