John David SABOW and Andrea K. Sabow, Plaintiffs and Appellants,

v.

Patrick R. HALL, Defendant and Appellee.

No. 13595.

Supreme Court of South Dakota.

Argued May 20, 1982.

Decided Aug. 25, 1982.

Curt Ireland, Rapid City, for plaintiffs and appellants.

John M. Costello of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellee.

FOSHEIM, Justice.

Dr. John and Andrea Sabow (appellants) sued Patrick Hall (appellee) for specific performance on an offer and agreement to purchase and on a contract for deed. Appellants appeal from an adverse judgment. We affirm.

Appellants own property near Rapid City, South Dakota, which they decided to sell. Appellants executed a power of attorney authorizing Jeremy Gould to act on their behalf to facilitate the sale, and an offer and agreement to purchase the property was signed by appellee and Mr. Gould on September 13, 1980. Unlike the offer and agreement to purchase, the contract for deed was to be personally signed by appellants. Therefore after the contract for deed was signed by appellee and Mr. Gould on September 20, 1980, it was mailed to appellants in Arizona for their signatures. Appellants signed the contract for deed on September 30, 1980.

Appellee contends he was relieved from performance under the contract for deed because appellants made a counteroffer after September 20th which he rejected. Appellants argue that they never made appellee a counteroffer, only a request or inquiry as to whether he would make monthly or quarterly payments in lieu of the annual payments specified in the contract for deed.

Dr. Sabow testified (Andrea Sabow was not a witness) that it was several days after September 30th when he told appellee he had signed the contract for deed; that he did not return the signed contract to appellee but to his (Dr. Sabow's) attorney, who participated in drafting the instrument; that he did not remember when he mailed it;[1] and that he could not say whether appellee ever received a copy of the contract for deed with appellants' signatures on it. Appellants' objections to the proposed findings of fact and conclusions of law do not contradict or conflict with the trial court's findings that appellants' acceptance/signing of the contract on September 30th was not communicated to appellee before he withdrew his offer and that appellants never returned the signed contract to appellee. Appellee testified that he did not learn until October 4, 1980, that appellants had signed the contract for deed. Although disputed by appellants, Mr. Gould and appellee testified that appellants gave appellee until October 3, 1980, to decide whether he would make monthly or quarterly payments and that on October 3rd appellee called Mr. Gould and told him he was not willing to make such payments and therefore the deal was off. Appellee testified that on October 4, 1980, Mr. Gould told him appellants were willing to accept his offer but that he told Mr. Gould he had not changed his mind about revoking.

 We believe the counteroffer versus inquiry issue is incidental. The facts clearly indicate that, for whatever reason, appel-

---

1. Appellants state in their brief that they mailed the contract for deed to their attorney on either October 3rd or October 6, 1980.

lee withdrew his offer to purchase before he learned appellants had accepted it. Under such circumstances no contract was formed and the trial court correctly refused to enforce the contract for deed. *Watters v. Lincoln*, 29 S.D. 98, 135 N.W. 712 (1912); *A. A. Cooper Wagon & Buggy Co. v. Stedronsky Bros. Co.*, 24 S.D. 381, 123 N.W. 846 (1909); *Accord, Standard Casualty Co. v. Boyd*, 75 S.D. 617, 71 N.W.2d 450 (1955); SDCL 53–7–1.[2]

■ In the alternative appellants contend the offer and agreement to purchase is an enforceable contract upon which specific performance should have been granted. We agree with the trial court that neither of the parties regarded the offer and agreement to purchase as the purchase contract itself. After the offer and agreement to purchase was signed, substantial negotiations between the parties resulted in three drafts of the contract for deed. Mr. Gould and appellee apparently roughed out the terms, Mr. Gould would then check with Dr. Sabow and at times appellee would speak directly with Dr. Sabow. Dr. Sabow also directed his attorney to help negotiate and draft the contract for deed. During this process several substantial changes and additions to the offer and agreement to purchase were made at the request of appellee and Dr. Sabow, or his attorney. It is clear from these facts and circumstances that the parties did not intend the offer and agreement to purchase to be a final or complete agreement on the terms and conditions of sale. The offer and agreement to purchase is therefore not a contract upon which specific performance could be based. *Larson v. Western Underwriters, Inc.*, 77 S.D. 157, 87 N.W.2d 883 (1958); *Watters, supra.*

The other issues raised by appellants are either not properly before us or are unnecessary to consider in view of our decision.

Affirmed.

All the Justices concur.

2. SDCL 53–7–1 reads: A proposal may be revoked at any time before its acceptance is communicated to the proposer, but not afterwards.