GAGE, Respondent, v. DUNNING (C., M. & St. P. Ry Co., Garnishee), Appellants.

(194 N. W. 1021.)

(File No. 5197.　Opinion filed September 25, 1923.)

1.  **Garnishment—Costs—Expense of Unloading, Storing, and Reloading by Railroad Garnishee Held Not Taxable as "Costs" Against Unsuccessful Plaintiff.**

    The expense of a railroad garnishee in unloading, storing, and, on determination of the issue unfavorably to plaintiff, reloading, goods, cannot be taxed against the unsuccessful plaintiff, under Rev. Code 1919, Sec. 2474, authorizing taxation of costs under section 2601, as amended by Laws 1919, c. 158, in favor of a garnishee against an unsuccessful plaintiff, since these expenses are not within the definition of "costs" under section 2600, nor within the other taxable allowances under section 2607.

2.  **Costs—Power to Allow Limited by Statute.**

    In taxing costs and disbursements, courts are limited to the provisions of the statute.

    Dillon, J., dissenting.

Appeal from Circuit Court, Hamlin County; Hon. W. N. Skinner, Judge.

Action by L. A. Gage against Corenne M. Dunning and the Chicago, Milwaukee & St. Paul Railway Company, Garnishee. Judgment for plaintiff, and garnishee appeals.　Affirmed.

*Ed. L. Grantham* and *H. O. Hepperle,* both of Aberdeen, for Appellant.

Appellant cited: Ela v. Knox, 88 Am. Dec. 180; Lewis v. Ross, 37 Me. 230, 59 Am. Dec. 49; Mahoney v. Stevenson et al (Minn.), 9 N. W. 76; Edminson v. Sioux Falls Water Co., 73 N. W. 910.

GATES, J. [1]　The question before us is whether certain items of disbursements may be taxed against an unsuccessful plaintiff in a garnishment proceeding.　The trial court held that they could not be taxed, and the garnishee defendant, the Chicago, Milwaukee & St. Paul Railway Company, appeals.

Prior to the garnishment the railway company had issued its bill of lading to defendant Dunning for the shipment of certain household goods.　Upon the service of the garnishee summons

the railway unloaded the goods, stored them, and, upon the determination of the issue unfavorably to the garnishor, the railroad company reloaded and shipped the goods. The items of disbursement sought to be taxed by the railway company are the items of expense for such unloading, storage, and reloading.

[2] Section 2474, Rev. Code 1919, gives the trial court the power, in its discretion, to tax costs under the provisions of section 2601, Rev. Code 1919, as amended by chapter 158, Laws 1919, in favor of the garnishee and against the unsuccessful plaintiff; but the difficulty in this case is that the items sought to be taxed by the garnishee are not "costs," but are "disbursements." Section 2600, Rev. Code 1919, defines the term "costs," and section 2607 of said Code provides that, in all cases where a party is allowed to recover costs, the clerk must tax as a part of the judgment certain allowances; but the items sought by the garnishee to be taxed are not embraced within that section. Morally the unsuccessful plaintiff in garnishment ought to be required to pay the garnishee the amount of said items, and a serious defect in the garnishment statute is disclosed, but courts are limited to the provisions of statute in the matter of taxing costs and disbursements. Redfield v. Davis, 42 S. D. 556, 176 N. W. 512; Macomb v. Lake County, 13 S. D. 103, 82 N. W. 417.

For these reasons the judgment of the trial court must be affirmed.

DILLON, J., dissents.

Note.—Reported in 194 N. W. 1021. See, Headnote (1), American Key-Numbered Digest, Garnishment, Key-No. 191, 28 C. J. Sec. 550 (1924 Anno.); (2) Costs, Key-No. 3, 15 C. J. Secs. 3, 227.