EGGEN, Appellant, v. JOHNSON et ux., Respondents.

(194 N. W. 1021.)

(File No. 5161.  Opinion filed September 25, 1923.)

1.  **Pleading—Demurrer—Joint Demurrer Overruled if Cause of Action Stated as to Either Refendant.**

    Where demurrer was joint demurrer of both defendants, it should have been overruled if complaint stated cause of action against either of them.

2.  **Vendor and Purchaser—Homestead—Contracts—Damages—Husband Liable for Breach of Contract Though Wife Did Not Sign It.**

Where husband covenanted to convey title to homestead, it
was incumbent upon him to furnish conveyance from his wife,
as well as from himself, though she did not sign the contract;
and, if, for any reason, he was unable to furnish such convey-
ance, he was liable in damages.

Appeal from Circuit Court, Clark County; Hon. W. N.
Skinner, Judge.

Action by James G. Eggen against John B. Johnson and wife.
From an order sustaining a demurrer to the complaint, plaintiff
appeals. Reversed.

*Hans Hanson,* of Vienna, for Appellant.

POLLEY, J. Plaintiff and defendant John B. Johnson en-
tered into a contract whereby said defendant agreed to sell and
convey to plaintiff a tract of land in Clark county. The defend-
ants John B. and Amanda Johnson were husband and wife, and
used and occupied the said premises as a homestead. The pur-
chase price fixed by the contract was $25,000. Plaintiff alleges in
his complaint that, relying on said contract, he entered into a
contract for the sale of the land to a third party, who was ready,
able, and willing to buy and pay for said land for $29,000; that
plaintiff offered to comply with all the conditions in his contract
with defendant John B. Johnson; that said defendant refused to
convey the land as agreed in said contract, thereby preventing
plaintiff from performing his contract to sell the land to his dam-
age in the sum of $4,000. To this complaint defendants jointly
demurred on the ground that said complaint does not state facts
sufficient to constitute a cause of action. The demurrer was sus-
tained and plaintiff appeals.

[1] The order sustaining the demurrer does not indicate the
ground on which the demurrer was sustained, and defendant has
filed no brief in this court; therefore we do not know wherein the
trial court found the complaint insufficient except as appears from
the argument in plaintiff's brief, and from this we infer that the
trial court held that plaintiff was not entitled to recover because
the defendant Amanda Johnson had not signed the contract. Had
the suit been brought for specific performance, this would have
been a sufficient ground of demurrer; so, also, would it have been
a ground of a separate demurrer by Amanda Johnson; but the
demurrer was joint, and, if the complaint stated a cause of action

against either defendant, the demurrer should have been overruled as against them both.

[2] Defendant John B. Johnson covenanted to convey the title to the land to plaintiff. Under his agreement it was incumbent upon him to furnish a conveyance from his wife, as well as from himself. If for any reason he was unable to furnish such conveyance, then he became liable to plaintiff for such damages as he suffered by reason of such failure, and the demurrer should have been overruled.

The order appealed from is reversed.

SHERWOOD and DILLON, JJ., not present.

Note.—Reported in 194 N. W. 1021. See, Headnote (1), American Key-Numbered Digest, Pleading, Key-No. 198, 31 Cyc. 332; (2) Vendor and Purchaser, Key-No. 151, 39 Cyc. 1555.