## RECTENBAUGH v. NORTHWESTERN PORT HURON CO.

In an action against a threshing machine company for damages caused by its transfer of plaintiff's notes given for a threshing outfit alleged not to have complied with defendant's representations, it was within the trial court's discretion to permit a trial amendment alleging that defendant's general agent falsely represented that defendant

had an engine and separator that were practically new, which engine had only been used for 10 days about the shops, and not for threshing purposes; that this was the engine and outfit purchased, which was not such as was afterwards shipped in compliance with the order, etc.

In the absence of a motion for a continuance or affidavit of surprise authorized by Rev. Code Civ. Proc. § 150, it is not error to allow a trial amendment of the complaint raising a new issue.

Where plaintiff claimed that he had been induced by defendant's general agent to order the machinery specified in a written contract by false representations to him that defendant would furnish an engine that had only been used for 10 days and was in good working order, evidence of such facts was not objectionable as contradicting the written contract which only provided for a sale of "one Port Huron traction engine, twenty horse power, traction rating, simple compound."

The rule that it may be shown by parol that a written contract has been fraudulently obtained by representations made inducing the party to contract does not conflict with the rule forbidding the variance or contradiction of a written instrument by parol evidence of prior conversations and agreements.

Where defendant's general agent refused to permit plaintiff to remove threshing machinery from the car until he had executed notes and a chattel mortgage for the price, but agreed to return such notes and mortgage, if plaintiff after inspection should refuse to accept the machinery, whereupon plaintiff executed the notes and mortgage and unloaded the machinery and after inspection refused it, but the agent refused to return the notes and mortgage, evidence of the agent's agreement so to do was not objectionable in an action for damages caused by defendant's transfer of the notes, as varying the terms of plaintiff's written order for the machinery.

Where plaintiff executed certain notes and a chattel mortgage for machinery on the agreement of defendant's agent to return the notes if the machinery was unsatisfactory, but instead, on plaintiff refusing the machinery, defendant transferred the notes to innocent purchasers and plaintiff was sued on one of them, plaintiff was entitled to recover against defendant all damages sustained by reason of the fraudulent sale of the notes, including the amount of the notes transferred to innocent purchasers and interest thereon, and the expenses incurred in such action.

(Opinion filed, November 18, 1908.)

Appeal from Circuit Court, McCook County. Hon. JOSEPH W. JONES, Judge.

Action by Theodore Rectenbaugh against the Northwestern Port Huron Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

*M. A. Butterfield,* for appellant.  *A. C. Biernatzki* and *E. H. Wilson,* for respondent.

CORSON, J.  This action was instituted by the plaintiff to recover from the defendant the amount of certain promissory notes executed by the plaintiff, expenses attending the defense of an action upon one of said notes, and freight paid by him on a certain theshing rig, claimed by the defendant to have been purchased by the plaintiff, but which the plaintiff refused to accept.  Verdict and judgment being in favor of the plaintiff, the defendant has appealed.

It apears from the record that the plaintiff introduced evidence tending to prove that on or about the 21st day of July, 1903, the plaintiff gave an order for certain threshing rig machinery to the defendant which was not accepted by that company; that some ten days later, being advised that the first order had not been accepted, the plaintiff signed a second order, which was accepted by the defendant, and an engine and threshing rig was a few days thereafter shipped to the plaintiff at Salem, in this state; that, upon the arrival of said threshing rig at Salem, the plaintiff made a partial examination of the same, but was not allowed to unload it, and did not have an opportunity to fully examine it as it was situated upon the cars at the station; that the general agent of the defendant refused to allow the machinery to be unloaded from the cars until the freight was paid and certain notes and chattel mortgages executed by the plaintiff in accordance with the terms of the order; that the plaintiff was induced to execute the notes and chattel mortgage upon the agreement by the agent that he would retain the notes and chattel mortgage or deposit them at a bank in Canastota until the plaintiff had had an opportunity to fully inspect and examine the machinery; and that, if the plaintiff was not satisfied that the same was such as he had ordered, the notes and chattel mortgage should be returned to him; that thereupon the plaintiff paid the freight, about $150, executed four notes aggregating about $1,850 and a chattel mortgage, and thereupon the machinery was unloaded, and, upon an examination of the same, the plaintiff determined that it did not correspond with the machinery ordered, refused to accept the same, and demanded from the agent his notes

and chattel mortgage so executed by him; and the defendant re-
fused to surrender them, and subsequently three of the notes were
transferred by the defendant before maturity, and in the usual
course of business, and that in an action upon one of the notes
judgment was recovered against the plaintiff. The complaint is
too lengthy to be inserted in this opinion, but alleges, in substance,
the foregoing statement of facts.

The answer set up various defenses, among which was that a
written order was executed by the plaintiff; that said written order
contained all of the agreement and representations of the defend-
ant in regard to the same and also contains a complete description
of the machinery so ordered; that the defendant accepted the order,
and immediately sold and delivered the machinery ordered to the
plaintiff in all respects described in the order; that the plaintiff is
now estopped from claiming that the said machinery is and was not
as ordered, and is estopped from asserting that there is a breach
of any warranty of said machinery, for the reason that, having
taken the same into his possession, the plaintiff neglected and re-
fused to attempt to make the same operate as provided in said or-
der; that plaintiff is estopped by his own agreement from claiming
any breach of warranty, or of claiming that the machinery deliv-
ered to him by defendant is not in all respects such as plaintiff or-
dered, for the reason that the order contains the entire contract be-
tween plaintiff and defendant in regard to the same, and defendant
alleges that he has fully complied with all and every condition of
the aforesaid contract and agreement, and demands judgment that
the action be dismissed.

Before the commencement of the trial, the defendant moved
the court to compel the plaintiff to elect whether he would attempt
to recover for breach of warranty as independent damages or
whether he would rely only upon the claim for the value of the
notes which were given by plaintiff to defendant and claimed to
have been sold. The court ruled upon this motion that the com-
plaint clearly shows a suit for the recovery of the value of the
amount of the notes, and thereupon overruled the objection. On
the trial plaintiff offered evidence tending to prove the allegations
of his complaint. The plaintiff then offered evidence tending to

prove that, at the time he gave the second order, he was induced to give the same by the general agent of the defendant by representations made to him that the defendant had a second-hand threshing rig which was in good running order, the engine not having been used more than 10 days and never used for threshing but only in the yards of the defendant. This evidence was objected to by the defendant on the ground that it tended to vary and contradict the terms of a written instrument, and that no such contract had been alleged in the complaint. Thereupon the plaintiff moved the court for leave to amend his complaint by alleging therein "that the defendant by its general agent falsely and fraudulently represented to plaintiff that the company had an engine and separator that was practically new and the engine had never been used for threshing purposes; that the engine had been set up in the shops and run for a period of 10 days, but was designated as a second-hand engine; that the general agent explained to plaintiff that the engine had never been used for threshing purposes, and all of these representations were falsely and fraudulently made; that the engine and machinery described to the plaintiff at the time by the general agent were not such as was afterwards shipped in compliance with the order, and that the plaintiff at the time understood by the use of the word "secondhand" as explained to him, one that had been simply run in the shops and not for threshing. This amendment was objected to, but was allowed by the court, and the defendant excepted, and it now insists that the court erred in permitting the plaintiff to amend his complaint in the manner above specified on the trial. This motion was clearly within the sound judicial discretion of the trial court, and, as no motion was made for a continuance or affidavit filed as provided by section 150 of the Revised Code of Civil Procedure, the court committed no error in allowing the amendment.

Upon the complaint being amended, the court admitted evidence as to the agreement and representations made by defendant's agent prior to the execution of the contract. The appellant contends that the admission of this evidence was error, as tending to vary and contradict the terms of the written order; but this contention is clearly untenable, for the reason that by the written or-

der no particular description of the engine to be furnished to the plaintiff was given, the only description being "one Port Huron traction engine, twenty horse power, traction rating, simple compound:" The object and purpose of the evidence was to show that the plaintiff had been induced by the defendant through its general agent to order the machinery specified in the written contract by fraudulently and falsely representing to him that the company would furnish him an engine that had only been used for a period of 10 days and was in good working order. In other words, the object of the evidence was to show that the contract executed by the plaintiff was fraudulently obtained from him, and for that reason never in fact became his contract. Under this view of the case the evidence was clearly admissible, and the court in admitting it committed no error. This court has held that it is competent to show by parol evidence that a written contract has been fraudulently obtained by representations made, which induced the party to enter into the contract and that this in no manner conflicts with the rule, that the terms of a written instrument cannot be varied or contradicted by oral evidence as to conversations and agreements prior to the execution of the instrument. McCormick Harvester Company v. Faulkner, 7 S. D. 363, 64 N. W. 163, 58 Am. St. Rep. 839; Rochfort v. Barrett, 22 S. D. 83, 115 N. W. 522. Plaintiff also introduced evidence tending to prove that the engine was an old and defective engine; that it had been used for two or three years, at least, and was badly out of repair and not in a condition to do good work; and that the separator and other attachments constituting a threshing were old, much worn, and not in condition to be used for threshing purposes.

The plaintiff also offered evidence tending to prove that after the machinery arrived at Salem the defendant by its general agent refused to allow the machinery to be unloaded from the cars until the freight was paid by the plaintiff, and the plaintiff had executed four notes for the same in the sum of $1,850 secured by a chattel mortgage; that plaintiff, not being able to examine the machinery fully on the cars, agreed with the defendant's agent to execute the notes and chattel mortgage upon condition that they should be held by the agent or deposited in the bank in Canastota, a town

near Salem, until the plaintiff had had an opportunity to inspect the machinery and determine' whether or not he would accept the same, and that, if he refused to accept the same, the notes and chattel mortgage should be returned to him; that the plaintiff·upon inspection of the machinery, after the same was unloaded from the cars, determined that the same did not comply with or conform to his order and the representations made to him by defendant's agent, and therefore refused to accept the same and demanded back his notes and chattel mortgage which the agent refused to surrender to him; but retained the same and delivered them to the defendant. This evidence was also objected to by the defendant on the ground (1) that it tended to vary and contradict the terms of the written order signed by the plaintiff; and (2) that by the terms of the written order the agent was not authorized to make any new contract or conditions not contained in the written order. But this contention is clearly untenable, for the reason that at the time the contract was entered into the machinery had not been delivered to or accepted by the plaintiff, and he was induced by the agreement on the part of the agent to execute the notes and chattel mortgage by promising to return the same to the plaintiff, if he should ultimately refuse to accept the machinery. The court was clearly right, therefore, in admitting this evidence of the independent and subsequent contract entered into by the general agent through and by which the defendant succeeded in obtaining from the plaintiff the notes and chattel mortgage. A similar question was involved in the case of Colean Mfg. Co. v. Blanchett (N. D.) 113 N. W. 614, in which the learned Supreme Court of North Dakota held that it was competent to prove that such contract had been made by the agent of the company, and that the company was bound thereby. There was a conflict in the evidence on the part of the plaintiff and on the part of the defendant, both as to the original representations to the plaintiff by the defendant's agent as to the character of the machinery that was to be delivered upon the order and as to the contract between the plaintiff and the agent of the defendant as to the subsequent contract under which the plaintiff was induced to execute the notes and mortgage. but the trial was by·jury, and under very clear and full instructions

on the part of the court a verdict was found upon sufficient evidence in favor of the plaintiff, and the verdict therefore cannot be disturbed.

One of the important questions presented on the trial was as to whether or not the plaintiff had an opportunity to examine the machinery before it was unloaded from the cars. There was a conflict in the evidence in regard to this question, also, but the jury under the special interrogatory submitted by the court found that the plaintiff did not have an opportunity to properly inspect the machinery before it was unloaded from the cars. This finding was amply sustained by the evidence, and it is therefore conclusive upon this court.

Upon the trial the plaintiff introduced evidence, admitted over the objection of the defendant, as to the amount expended on the trial of the action involving one of the notes in controversy and other expenses incurred in the defense of the action, and it is contended on the part of the defendant that the court erred in admitting this evidence, for the reason that the plaintiff was only entitled to recover the actual amount of the notes transferred by it to innocent purchasers and the interest thereon. But we are of the opinion that this contention is untenable, as the plaintiff, being entitled to recover, was entitled, not only to recover the amount of the notes and interest, but all of the damages sustained by him by reason of the fraudulent and wrongful acts of the defendant. The amendment allowed by the court increasing the ad damnum clause in the complaint to conform to the evidence was, we think, a fair exercise of the court's discretionary power in allowing amendments on the trial.

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.