CARLSON et al., Respondents v. DONNENWIRTH, Appellant

CARLSON et al., Respondents v. SUTFIN, Appellant

CARLSON et al., Respondents v. WEST RIVER OIL COMPANY et al., Appellants

CITY OF FAITH, Intervener

(67 N. W.2d 149)

(File Nos. 9399, 9414, 9417.   Opinion filed November 30, 1954)
Rehearing denied February 2, 1955

**Bangs & McCullen and H. F. Fellows,** Rapid City, for Plaintiffs and Respondents.

**E. V. Morrill,** Sturgis, for Intervener.

**Parker & Parker,** Deadwood, and **Russell C. Molstad,** Sturgis, for Defendants and Appellants.

LEEDOM, J.  The three cases entitled above grow out of a common factual situation.  The issue is the same in all three.  We dispose of them with this one opinion.

Each individual appellant named above, while a member of the city council of the city of Faith, sold the city goods and merchandise and received and retained payment therefor.  Respondents, taxpayers of Faith, brought this action in behalf of themselves and all other taxpayers for recovery into the city treasury of all money thus paid out to the councilmen.  Respondents' actions are grounded on statutory provisions expressly declaring unlawful the sale of any article by an officer of a municipality when the price of the article is payable out of the treasury of the municipality, and null and void any municipal contract in which an officer of the municipality is a party or has any interest.

Demand was made that the city bring the action.  The city not only failed to start the action but after it was brought by respondents the city intervened and in its complaint in intervention alleged that it was justified in purchasing the merchandise from the councilmen, that full value was received, that the goods purchased were either consumed or made valueless through use, that there was no fraud, deception of collusion and that it would be unjust and inequitable under the circumstances for the councilmen to be required to make reimbursement into the city treasury.

A judgment was entered against each council member for the price of the goods sold plus interest thereon and in addition thereto substantial attorneys' fees for plaintiffs' counsel. The city undertook to appeal from each judgment. On respondents' motion the appeals by the city were dismissed by this court on the ground that the city was not aggrieved or prejudiced by entry of the judgments. Our opinion in connection with the dismissal in the case entitled Carlson v. West River Oil Company is reported in 64 N.W.2d 294.

There is no dispute in the facts. Sales aggregating the amounts shown in the findings in each case were admittedly made by each appellant while he was a councilman. It is not claimed and the evidence does not indicate that the price paid in any instance was unfair or unreasonable or that any fraud was practiced on the city.

The statutory provisions involved state in explicit language that such transactions as those involved here are unlawful, null and void, and that any municipal officer engaged in them is guilty of a misdemeanor. SDC 45.1507 provides in part:

"It shall be unlawful for any elected or appointed officer of a municipality to be directly or indirectly interested in any contract, work, or business of the municipality, or the sale of any article, the expense, price, or consideration of which is paid from the treasury or from any assessment levied by the municipality * * *."

SDC Supp. 45.1508 provides that it shall be unlawful for any officer of a municipality to become a party to or interested in any contract of such municipality and that any such contract shall be null and void. SDC 13.1308 and SDC 45.9901 provide that a municipal officer who does become interested in sales to or contracts of the municipality shall be guilty of a misdemeanor.

Appellants take the position and cite authority for the proposition that notwithstanding the illegality of the transactions involved equity and natural justice, under the circumstances here present, deny the right of recovery in behalf of the city. Appellants' position has at least the sem-

blance of merit. As appears from the annotation in 140 A.L.R. 583, 584, appended to the report of Bartron v. Codington County, 68 S.D. 309, 2 N.W.2d 337, 140 A.L.R. 550, it is not an easy matter "to lay down broad principles with respect to the question whether money paid under an invalid or unenforceable contract of a municipal corporation or other public body may be recovered back by the municipality or a taxpayer thereof".

Appellants rely on Bartron v. Codington County, supra, among other decisions and authorities. It is our view however that the facts in the Bartron case are distinguishable from the facts here. There the illegality of the contract was not the result of violation of explicit statutory prohibitions as in these cases. Furthermore language in the Bartron case indicates that under circumstances such as are present here there should be reimbursement of public moneys paid under the illegal contract. In the Bartron case this court stated:

> "We entertain the view that departure from those principles of private law through which the courts seek to achieve natural justice may only be justified in adjudicating claims by or against a public corporation when it is clear that their application will strike down or nullify policies or measures adopted for the protection of such a corporation or its taxpayers". 2 N.W.2d 337, 348.

In the Bartron opinion the court also said:

> "Considerations based on natural justice may be permitted to mould the judgment in the case at bar without withdrawing any public safeguard or striking down any provision adopted to protect the county or its taxpayers." 2 N.W.2d 347, 348-349.

The interpretation we here give to the Bartron case conforms to that placed on it by the author of the annotation cited, 140 A.L.R. 583, 586-587. There the Bartron case is cited in support of the statement:

> "Also, where a statute imposes a penalty for the execution of a contract of the kind under which public funds have been paid out, or where such a

contract is malum in se or inherently immoral, there appears to be a tendency to hold that the sums paid may be recovered back by the municipality or a taxpayer thereof."

■ ■ We hold that appellants are bound to refund to the city the money paid to them on the sales they made individually or through corporations in which they were interested. If we were to hold otherwise it seems clear we would be striking down statutory provisions enacted expressly for the protection of municipalities. In holding that there must be reimbursement we are not unmindful of the inequities urged as a defense to the claims made against appellants; but as we indicated in the Bartron case and as was stated by the Nebraska court in Neisius v. Henry, 142 Neb. 29, 5 N.W.2d 291, 298, equity and the rules of natural justice cannot be applied to "interfere in the enforcement of a positive statute enacted for the protection of the public in the safeguarding of public funds." In City of Bangor v. Ridley, 117 Me. 297, 104 A. 230, 231, the court pointed out in an analogous situation that if a public officer could retain payments received in violation of such explicit statutory provisions as are present here "then both he and the city government can evade and nullify the effect and purpose of the statute with impunity."

The instant cases present another problem involving the attorneys' fees allowed respondents under SDC Supp. 33.-1803-1. This statute provides that costs and expenses, including attorney's fees, are to be fixed by the court in a taxpayer's suit to recover misappropriated public funds, and grants a lien therefor against the judgment entered in the action. Appellants contend that the attorney's fees authorized under this section are payable out of the funds adjudged unlawfully paid by and to be reimbursed to the city and not in addition thereto. On the other hand respondents argue that the statute clearly allows attorney's fees as taxable costs in addition to other sums recoverable in such an action.

■ ■ It is clear that the purpose of the statute is to make the aggressive taxpayer whole and to avoid imposing on him the penalty of personally paying his attorneys in an action brought in behalf of all other taxpayers to redress a

public wrong. Granting however that the statute has such a purpose there remains the question as to whether the attorney's fee is to be borne by the municipality out of the funds recovered in the taxpayer's action or is to be required of the offending public officer in addition to the amount he received under the illegal contract and must repay.

The statutory provisions relating generally to the allowance of attorneys' fees, SDC 33.1802, provides in part:

> "The Court may allow attorneys' fees **as costs** for or against any party to an action only in the cases where the same is specifically provided by statute * * *."

We have italicized the words "as costs" appearing in the statute because of their significance in connection with SDC Supp. 33.1803-1. There is no language in the section last cited and partially quoted below that specifically makes "costs" of the attorneys' fee the court is authorized "to fix".

The italicized language of the section is significant:

> "* * * in the event of a recovery by the plaintiff [the Circuit Court] shall have the power to fix a reasonable sum to reimburse the plaintiff for costs **and expenses, including attorney fees,** * * *".

It can be argued with considerable plausibility that the implication from the foregoing is that "expenses, including attorney fees" being stated apart from "costs" are therefore not "costs". But we need not go that far. It is sufficient that this statute does not specify that the attorney fees **are** "costs"; then under SDC 33.1802, supra, they are not to be taxed as such.

In Fairbanks, Morse & Co. v. Hill, 48 Ohio App. 418, 194 N.E. 397, 398, the court construed a statute providing that a successful plaintiff in a taxpayer's suit " 'may be allowed as part of the costs a reasonable compensation for his attorney.' " It was held that the statute authorized an allowance of the fee involved against the municipality but not against the other party to the unlawful municipal contract that gave rise to the suit. Recognizing merit to the claim against the other party the court denied it because the stat-

ute did not explicitly provide for taxing the fee as costs against such an opposing litigant. The court said:

> "The allowance of fees against an adverse party is in derogation of rules of practice under the common law, and a statute authorizing such a different rule must be construed strictly."

In Bancrofts' Code Practice, § 2088, p. 2784, it is said:

> "The statutes providing for the recovery of costs are to be given, so it is said, a strict construction against a party who asserts that they are applicable to his case."

See also Branson v. Branson, 84 Neb. 288, 121 N.W. 109; and Gage v. Dunning, 46 S.D. 553, 194 N. W. 1021.

▪ We find no statutory language and no clear legislative intent to make the attorney's fees in this type action taxable cost items recoverable in addition to other sums and therefore hold that such fees are to be paid from and not in addition to such other sums collected into the city treasury. The interpretation we place on the statute gives to it the purpose of a principle recognized in equity that charges against a fund recovered or protected for a class of persons, the fees and expenses incurred by the aggressive member of the class who brings the action. 52 Am.Jur., Taxpayers' Actions, § 39, 1954 Cumulative Supplement; Annotation 5 A.L.R.2d 874. Only those items of expense of the litigation that are by statute specified as taxable costs, such as filing fees and fees of the process server, should be added to the amounts otherwise to be recovered from appellants.

The judgments entered by the trial court are affirmed as to the parts relating to recovery of public money paid appellants for goods they sold the city, and reversed as to the parts providing for recovery of attorney's fees and expenses in addition to the other sums. Since the fees and expenses added in one case exceed the amount otherwise recoverable under the judgment, such fee obviously must be reduced.

Each cause is remanded with instructions to modify the judgment to conform to this opinion.

All the Judges concur.