DuPRATT et al., Respondents v. BLACK HILLS LAND AND
ABSTRACT COMPANY, Appellant

(140 N.W.2d 386)

(File No. 10139.  Opinion filed February 21, 1966)

Rehearing denied June 16, 1966

**Richard .Furze,** Lead, and **Overpeck, Hamblin & Mueller,** Belle Fourche, for defendant and appellant.

**Hayes & Richards,** Deadwood, for plaintiffs and respondents.

GRIEVES, Circuit Judge. This action against the defendant abstract company for damages resulting from alleged negligence in the preparation of an abstract of title was tried to the court without a jury. The trial court in his decision found as follows:

## "FINDINGS OF FACT

### "I.

"That an abstract of title prepared for plaintiffs by defendant abstract company abstracted a recorded conveyance in such careless manner as to except or exclude a certain Lot 8 whereas said abstract should have shown an area adjacent to said lot as being excepted or excluded in the conveyance to plaintiffs' immediate grantors.

### "II.

"That relying upon such erroneous description plaintiffs contracted to convey a tract of land not owned by them which resulted in extended litigation between plaintiffs

and the contracting purchasers and caused losses to plaintiffs, to-wit: attorney fees and other costs of litigation aggregating $2,693.32 and the sum of $2,250.00 deducted from the recovery to which plaintiffs were entitled but for such erroneous abstract.

## "CONCLUSION OF LAW

### "I.

"That judgment be entered for plaintiffs in the sum of $4,493.32 with interest at the rate of six percent per annum on $2250.00 from the 2nd day of January, 1960, and interest at said rate on $2693.32 from the 6th day of March, 1961, and costs of this action to be taxed by the clerk of this Court."

Thereafter, judgment was entered against defendant for the sum of $5,842.58 plus costs of $51.70. From this judgment the defendant perfected its appeal to this court.

■ Appellant first challenges the sufficiency of the evidence to support the above findings of fact. We have carefully reviewed all of the evidence including the file in the case of Arthur· DuPratt and Dagmar DuPratt v. Clayton F. Stangl, Lucille Stangl, Joseph L. Turner and Mary Turner which was made a part of the records in this action by order of the trial judge. We are of the opinion that such evidence is amply sufficient to sustain the findings, except as to the finding of alleged damage of $2,250 in findings of fact number II.

On August 28, 1959 the DuPratts and the Stangls and Turners entered into a contract of sale wherein the DuPratts agreed to sell their business property known as DuPratt's Motel and Service in Deadwood, South Dakota, to the Stangls and Turners for the sum of $42,000 payable in installments. The attorney who drafted the agreement for the parties copied the metes and bounds description of the real estate involved from a continuation of abstract of title of the property prepared for the DuPratts by the defendant Abstract Company. This description was copied from the abstract of a warranty deed from Anna Frances

McHugh to M. D. Hoyt and Frances Hoyt which deed constituted the only entry in the continuation of abstract at that time. The abstracter correctly copied the metes and bounds description from the deed of record until he came to the metes and bounds exceptions contained at the end of the deed. Instead of copying said exceptions he undertook to interpret them by reciting:

> "Excepting from this deed a small portion of M. S. Nos. 242 and 1054, being Lot 8 in Block A. Swift's Addition and a portion of Mineral Survey No. 1054."

On November 28, 1959 the DuPratt property, as described in the McHugh to Hoyt deed of record, was surveyed and platted by a registered land surveyor preparatory to the DuPratts receiving title from the Hoyts. The plat was recorded in Book 3 of Plats on page 328. On December 29, 1959 the Hoyts conveyed the property to plaintiffs by warranty deed which described the property as platted and contained the following explanation:

> "The premises above described are formerly known as the McHugh property and are described by metes and bounds in that certain deed by Anna Frances Mc-Hugh to the Grantors herein, recorded in Book 318 at page 355 in the office of the Register of Deeds of said Lawrence County."

Lot 8 in Block A of Swift's Addition was owned by John Rachetto and his wife who operated a motel adjacent to the DuPratt property. The Rachettos were also selling their property. In January of 1960 the DuPratts and Rachettos negotiated a settlement of a long standing dispute between them as to the boundary line between their properties and a release of all claims by DuPratts against Rachetto for the parking of vehicles on the DuPratt property by Rachetto. The dispute and claims were settled on January 27, 1960 by the delivery of a quitclaim deed from the DuPratts to the Rachettos for a consideration of $2,250 wherein the DuPratts conveyed all of their interest in "Mineral Surveys bearing numbers 242 and 1054 and Swift's Addition, all in the City of Deadwood, except the parts of Mineral Survey 242 and Mineral Survey 1054 as shown in Plat Book 3 at pages

328 and 329 in the Office of the Register of Deeds of said Lawrence County." The contract between DuPratts and the Stangls and Turners provided for a payment of $30,000 on or before January 2, 1960. That payment was not made and in February 1960 DuPratts caused a notice of demand for performance served upon the Stangls and Turners. On March 22, 1960 the Stangls and Turners through their attorney served upon the DuPratts a notice to rescind contract. Said notice contained the following clause:

> "The reason and justification for the rescission is the recent discovery by the buyers of the sellers' inability to convey to the buyers all of the above described property pursuant to the terms of the said contract, therefore resulting in a failure of a substantial part of the consideration, and fraudulent misrepresentations of the sellers to the buyers as to the amount of land available for further expansion of improvements."

On the same date the DuPratts commenced an action against the Stangls and Turners for reformation of contract and for specific performance. The court in that case reformed the contract to provide for the correct description of the property and ordered strict performance of said contract as reformed. The court found as one of its findings of fact therein:

> "That the parcel of ground conveyed to Rachetto did not represent any substantial portion of the consideration the plaintiffs had promised to convey to defendants under their contract of sale, but does represent a partial failure of consideration for which defendants are entitled to an offset by way of damages in the amount of Two Thousand Two Hundred Fifty and No/100 Dollars ($2,250.00)."

The court also found as a fact that the abstract of title contained "An insufficient and incorrect description of the premises conveyed to plaintiffs' immediate grantors, which appears on Pages 118 and 119."

Defendant called Albert B. Mitchell, a registered land surveyor, as an expert witness. Although his qualifications as

a surveyor were admitted, he did not testify that he had personally surveyed the property but rather drew a rough sketch of a portion of the property as described in the metes and bounds description. He then testified that he had seen the plat of Swift's Addition in the Register of Deeds office and gave his opinion that the exception, as abstracted in the McHugh to Hoyt deed did describe Lot 8 in Swift's Addition. Defendant contends that the trial court was, as a matter of law, bound by the uncontroverted opinion of said expert witness. We do not agree. The rule is that except where the subject is one for experts or skilled witnesses alone and concerns a matter of science or specialized· art or other matters of which a layman can have no knowledge that the opinions of experts are not necessarily conclusive even when uncontroverted, and all or part of an opinion may be accepted or rejected as it appeals to the judgment and conscience of the trier of the facts. 32 C.J.S. Evidence § 569.

██ ██ Defendant also contends that attorneys' fees incurred by plaintiffs in litigating the Stangl case are not proper damages in this case and are contrary to law and cites SDC 1960 Supp. 33.1802 and cases thereunder as authority for its contention. Said statute and the cited cases govern attorneys' fees allowed as costs in the immediate action but do not govern attorneys' fees as an item of damages in a subsequent action.

> "Where the natural and proximate consequence of a wrongful act has been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation, together with compensation for attorneys' fees, and such costs as may have been awarded against plaintiff; but such expenses must be the natural and proximate consequence of the injury complained of, and must have been incurred necessarily and in good faith, and the amount thereof must be reasonable." 25 C.J.S. Damages § 50, p. 534. See also Rectenbaugh v. Northwestern Port Huron Co., 22 S.D. 410, 118 N.W. 697; Morin v. Divide County Abstract Co., 48 N.D. 214, 183 N.W. 1006 and

Goldberg v. Sisseton Loan & Title Co., 24 S.D. 49, 123 N.W. 266, 140 Am.St.Rep. 775.

The liability of abstracters for any and all damages sustained by any person by reason of any error, deficiency or mistake in any abstract or certificate of title or continuation thereof made and issued by such abstracter is recognized in SDC 1.0107. Such liability has also been considered by this court in Stephenson v. Cone, 24 S.D. 460, 124 N.W. 439, 26 L.R.A.,N.S., 1207 and Goldberg v. Sisseton Loan & Title Co., 24 S.D. 49, 123 N.W. 266. We are of the opinion that the attorney fees and other costs of litigation in the case of DuPratts v. Stangls and Turners in the sum of $2,693.32 were the natural and proximate consequence of the error in the abstract; were incurred in good faith by the DuPratts; that the amount incurred was reasonable and a proper item of damages in this case.

■■ Defendant further contends that the trial court erred in allowing as damages the item of $2,250 deducted from the contract price by the court in the DuPratt v. Stangl and Turner case. We agree. Plaintiffs contracted to sell all of their rights in their motel property to the Stangls and Turners for $42,000. Thereafter, by quitclaim deed they transferred some of their rights in said property to Rachetto for $2,250. The Stangls and Turners were required to pay to plaintiffs the balance of the full purchase price of $42,000. Consequently, plaintiffs could not be damaged the $2,250 unless they are legally bound to refund said amount to Rachetto. The transaction between Rachettos and plaintiffs took place over five years ago. No refund had been made and there is no evidence in either the case of Du-Pratt v. the Stangls and Turners or this case that the Rachettos had demanded or even asked for a refund. An action against an abstracter for damages resulting from an error in an abstract is based upon contract and not upon tort. Commercial Bank of Mott v. Adams County Abstract Co., 73 N.D. 645, 18 N.W.2d 15. The burden of proof was upon the plaintiffs to prove that they had been damaged the $2,250. This, we believe they completely failed to do. This item of damage is therefore disallowed.

The judgment of the trial court is modified by reducing the amount thereof from $5,842.58 plus costs of $51.70 to the sum of $2,693.32 plus interest at the rate of six percent per annum from March 6, 1961 to the date of judgment plus costs of $51.70. As so modified, the judgment is affirmed.

All the Judges concur.

GRIEVES, Circuit Judge, sitting for RENTTO, P. J., disqualified.