LOEL LUST CHEVROLET COMPANY, Respondent
v.
COMMISSIONER OF REVENUE, Appellant

(158 N.W.2d 603)

(File No. 10443. Opinion filed May 3, 1968)

**Frank L. Farrar,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, for defendant and appellant.

**Woods, Fuller, Shultz & Smith,** Sioux Falls, for plaintiff and respondent.

HANSON, Presiding Judge.

The issue involved in this proceeding is whether or not labor performed by a retail sales and service garage in replacing and repairing defective automobile parts pursuant to the manufacturer's warranty is a taxable transaction under the South Dakota Sales Tax Act. The Commissioner of Revenue determined that credits received by the Loel Lust Chevrolet Company of Aberdeen from General Motors for warranty labor constituted taxable gross receipts. The taxpayer appealed to Circuit Court which determined such warranty labor was not taxable and the State has appealed therefrom.

The Loel Lust Chevrolet Company of Aberdeen, South Dakota, is licensed as a "retailer" under the South Dakota Retail Occupational Sales Tax Act. SDC 57.31 as extended by Chapter 296, Laws of 1965. It sells new Chevrolet automobiles and trucks under a franchise with the Chevrolet Division of the General Motors Corporation. In the course of its business Lust Chevrolet performs service and repair work on motor vehicles, including motor vehicles under warranty by General Motors.

So far as material, the New Vehicle Warranty of the Chevrolet Motor Division of General Motors Corporation "warrants

each new motor vehicle and chasis including all equipment and accessories thereon (except tires and tubes), manufactured or supplied by Chevrolet Motor Division and delivered to the original retail purchaser by an authorized Chevrolet Dealer, to be free from defects in material and workmanship under normal use and service; Chevrolet Motor Division's obligation under this warranty being limited to repairing or replacing at its option any part or parts thereof which shall, within twenty-four (24) months after delivery of such vehicle or chassis to the original retail purchaser or before such vehicle or chassis has been driven twenty-four thousand (24,000) miles, whichever event shall first occur, be returned to an authorized Chevrolet Dealer at such Dealer's place of business and which examination shall disclose to manufacturer's satisfaction to have been thus defective. The repair or replacement of defective parts under this warranty will be made by such Dealer without charge for parts, and if made at such Dealer's place of business, without charge for labor."

Lust Chevrolet is reimbursed by General Motors for all defective parts replaced under warranty. No tax is claimed by the State for credit received by the dealer in this respect. However, the dealer is also reimbursed by General Motors in the form of a credit for labor performed under warranty according to prevailing labor rates and charges. During the period of July 1, 1965 to July 1, 1966 this warranty labor amounted to $7,885.77. The State contends these receipts are subject to 3% sales tax as provided by Chapter 296, Laws of 1965, in the amount of $236.57 plus nonpayment penalty of $23.65.

The original South Dakota Retail Occupational Sales Tax imposed upon the privilege of engaging in business as a retailer a tax of three percent measured by the gross receipts from retail sales of tangible personal property to consumers or users. SDC Chapters 57.31, 57.32, and 57.33. The retailer was authorized to shift the incidence of the tax to consumers by adding the tax to the sales price or charges. SDC 57.3304. Nevertheless, the ultimate burden to pay the tax remained on the retailer. Vinz v. Nord, 70 S.D. 304, 17 N.W.2d 299. Obviously, warranty labor performed by a retail garage for a manufacturer would not be

a taxable transaction under the original Sales Tax Act because: (1) It involves a service and not a sale of tangible personal property; (2) it is not a retail transaction; and (3) the incidence of the tax cannot be shifted to the consumer.

However, the scope of the Sales Tax Act was broadened by the enactment of Chapter 296, Laws of 1965, which imposed "a tax at the same rate as that imposed upon sales of tangible personal property in this state upon the gross receipts of any person from the engaging or continuing" in certain enumerated businesses or services, including "garage and service stations". All persons subject to the broadened tax on services and professions were deemed "retailers" subject to the definitions and applications of the original Retail Occupational Sales Tax contained in SDC 57.31 and 57.33.

According to SDC 57.3101 the term "Gross receipts" means "the amount received in money, credits, property, or other money's worth in consideration of sales at retail within this state * * *." The term "Retail sale" or "sale at retail" means and includes the sale or (service) "to any person for any purpose other than for resale." As warranty work is not performed for purposes of resale these broad definitive terms include as taxable gross receipts credits received by a retail garage from an automobile manufacturer for services performed for the manufacturer under warranty. By reason of franchise agreements and service contracts a retail garage may not be able to shift the incidence of the tax to the manufacturer, but this does not affect its validity or enforeability.

On the first or original registration of a motor vehicle in this state there is required to be paid an additional license fee at the same rate as the sales tax upon the purchase price of the vehicle or its fair market value. SDC 1960 Supp. 44.0108(9). The law provides "the payment of such license fee shall be in full and in lieu of all occupational, sales, excise, privilege, and franchise taxes levied by this state upon the gross receipts from all sales of motor vehicles." It is contended that the registration fee paid by a new vehicle owner is in effect a sales tax based upon the price of a new sound vehicle. To impose a further sales

tax upon warranty labor required to make the new car sound constitutes double taxation. This contention cannot be sustained because the burden of the two taxes does not fall on the same person. The first registration fee is imposed on the owner whereas the tax on warranty labor is the obligation of the retail garage owner who could, if it were not for his franchise agreement, shift the incidence of the tax onto the manufacturer. The purchaser of a new Chevrolet is simply the beneficiary of the manufacturer's warranty and is under no obligation to pay for warranty labor or the sales tax thereon.

Reversed without assessment of costs.

All the Judges concur.

WUEST, Circuit Judge, sitting for RENTTO, J., disqualified.