Larry VAN EMMERIK, for himself and all others similarly situated, Plaintiff and Appellant,

v.

The STATE of South Dakota, David Volk, State Treasurer of South Dakota; Steven J. Zellmer, Secretary of Revenue, the State of South Dakota,

and

Montana–Dakota Utilities Co., a corporation and Northern States Power Company, a corporation for themselves and all individuals, partnerships, Associations, or corporations who or which have since January 1, 1976, engaged in the sales, furnishing or service of gas, electricity, or water to consumers or users in the State of South Dakota, Defendants and Appellees.

No. 13086

Supreme Court of South Dakota.

Argued Sept. 10, 1980.

Decided Nov. 19, 1980.

George A. Bangs, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, Gale E. Fisher, Sioux Falls, for plaintiff and appellant.

Walter W. Andre, Asst. Atty. Gen., Pierre, for defendant and appellee, State of South Dakota; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for defendants and appellees, Montana–Dakota Utilities and Northern States Power Co.

Leo P. Flynn, Milbank, for amicus curiae South Dakota Rural Electric Association.

FOSHEIM, Justice.

This is a class action brought by Larry Van Emmerik (appellant) for himself and on behalf of all residents of South Dakota who, since January 1, 1976, have paid a four percent sales tax on their gas and electric utility bills. From the circuit court's order of dismissal, this appeal is taken. We affirm in part, reverse in part, and remand.

The action originally sought a one percent refund from the State of South Dakota and from all retailers engaged in the sale, furnishing or service of gas, electricity or water since January 1, 1976, which appellant claims was collected in excess of the statutory rate. The State moved to dismiss appellant's action, claiming that appellant lacked standing and had failed to exhaust his administrative remedies. That motion was denied in July of 1979. Montana–Dakota Utilities Company and Northern States Power Company were thereafter joined as party defendants. The utility companies then moved to dismiss because they, and four other investor–owned utilities, had commenced an administrative action in June of 1979, seeking a similar one percent sales tax refund. Thereafter, appellant moved for summary judgment and to consolidate his action with the appeal taken to circuit court by the investor–owned utilities in the related administrative action following the denial of their applications for sales tax refunds by the Secretary of Revenue. In December of 1979, the circuit court ordered a stay of all proceedings in this action until the conclusion of litigation in the related appeal. On February 20, 1980, the circuit court rendered judgment denying the relief sought in the investor–owned utilities case. Subsequently, on April 1, 1980, the court entered an order dismissing appellant Van Emmerik's complaint based upon its determination in the related case that the State had not collected a sales tax in excess of that imposed by SDCL 10–45–6. This appeal followed.

At the outset, we refer to our decision today in the appeal of the investor–owned utilities from the circuit court's denial of their claims for sales tax refunds.[1] We there concluded that the rate of sales tax imposed upon sales of gas, electricity and water utilities pursuant to SDCL 10–45–6 is three percent and that the State has collected a sales tax in excess of that rate. The judgment of the trial court was therefore reversed and the case was remanded for a determination of a credit or refund as provided by SDCL 10–45–53. We accordingly proceed to examine the additional issues presented by this appeal.

The State first contends that, due to the doctrine of sovereign immunity, appellant Van Emmerik lacks standing to seek a refund from the State either as a representative for the class or in his individual capacity. We agree.

Article III, § 27 of the South Dakota Constitution provides: "The legislature shall direct by law and in what manner and

1. In the *Matter of the Appeal of Sales Tax Refund Applications of Black Hills Power and Light Co., Northern States Power Company, Montana–Dakota Utilities Company, Otter Tail* *Power Company, Northwest Public Service Company, and Iowa Public Service Company,* 298 N.W.2d 799 (S.D. 1980).

in what court suit may be brought against the state." The only law by which the Legislature has directed that a claim for a sales tax refund can be filed is SDCL 10 45–53, which provides:

If it shall appear that an amount of tax, penalty, or interest has been paid which was not due under the provisions of this chapter, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this chapter from *the person who made the erroneous payment*, or such amount shall be refunded to such person by the commissioner of revenue, provided that claim for a credit or refund as above provided shall be filed with the commissioner of revenue within three years after such erroneous payment was made or said claim shall be forever barred. [Emphasis supplied.]

■ Refunds may be claimed only by "the person who made the erroneous payment." The retail sales tax in this case is the liability of the retail utility companies and not the ultimate consumer.[2] In *Northwestern National Bank of Sioux Falls v. Gillis*, 82 S.D. 457, 461, 148 N.W.2d 293, 295 (1967), we stated:

SDC 57.3201 clearly imposes the sales tax on the retailer.· The court so determined in *State ex rel. Sioux Falls Motor Co. v. Welsh*, 65 S.D. 68, 270 N.W. 852, when it wrote:

'The fact must be kept in mind that the tax with which we are dealing is an excise or privilege tax imposed upon the privilege of engaging in an occupation. It is not a tax upon gross receipts as such, but gross receipts * * * is used as a measure to determine the amount of tax to be paid for the privilege of engaging in an occupation or business.'

■ It is true that the tax is likely passed on to the utilities' customers under SDCL 10–45–22, which provides:

Retailers *may add* the tax imposed under this chapter, as provided by law and where no provision is made, the average

equivalent may be added. Any person whose services are taxed in § 10–45–4 or § 10 45 5 may add the tax under said sections, or the average equivalent thereof, to his price or charge. It shall be unlawful for any retailer to advertise or hold out or state to the public or to any consumer, directly or indirectly that the tax or any part thereof imposed by this chapter will be assumed or absorbed by the retailer or that it will not be considered as an element in the price to the consumer, or if added, that it, or any part thereof, will be refunded. [Emphasis supplied.]

That statute authorizes, but does not require, passing on the tax to the consumer. If he chooses, the retailer may, without so advertising, simply fail to add the tax. In *Vinz v. Nord*, 70 S.D. 304, 17 N.W.2d 299 (1945), we said:

By an authorized procedure of adding the average equivalent [of the tax] thereof to the purchase price of goods the incidence of the tax is shifted to the consumer, but nevertheless the burden of liability therefor rests with the retailer, SDC 57.3304 [now SDCL 10 45 22].

As we stated in *Loel Lust Chevrolet Co. v. Commissioner of Revenue*, 83 S.D. 285, 287, 158 N.W.2d 603, 604 (1968):

The original South Dakota Retail Occupational Sales Tax imposed upon the privilege of engaging in business as a retailer a tax . . . measured by the gross receipts from retail sales of tangible personal property to consumers or users. SDC Chapters 57.31, 57.32, and 57.33. The retailer was authorized to shift the incidence of the tax to consumers by adding the tax to sales price or charges. SDC 57.3304 [now SDCL 10 45–22]. Nevertheless, the ultimate burden to pay the tax remained on the retailer. [Citing *Vinz v. Nord, supra.*]

See also SDCL 10 45–27, requiring that "[A] *retailer* whose receipts are subject to sales tax in this state during such quarter, shall make a return and remittance to the

---

**2.** "Person" as defined by SDCL 2 14–2(16) includes corporations.

department of revenue[.]" (emphasis supplied).

 The sales tax is thus clearly imposed upon the utility retailers. Under SDCL 10–45–53, the utility is therefore the only "person" who could make an erroneous payment and hence seek a refund or credit from the State. The State has not waived its sovereign immunity beyond that extent. In the absence of statutory authority, an action cannot be maintained against the state. *Lick v. Dahl*, 285 N.W.2d 594 (S.D. 1979); *Griffis v. State*, 68 S.D. 360, 2 N.W.2d 666 (1942); *Sigwald v. State*, 50 S.D. 37, 208 N.W. 162 (1926); *Mullen v. Dwight*, 42 S.D. 171, 173 N.W. 645 (1919). Accordingly, we conclude that appellant lacks standing to seek a sales tax refund on his own behalf. That want of standing also applies to the appellant class.[3]

## II

What we have concluded concerning sovereign immunity does not apply to the action against the investor–owned utilities, which seeks a one percent refund from the utilities for all South Dakota residents who, over a three–year period, have paid a four percent sales tax on certain utility charges. Due to our decision in the related appeal that, upon remand, the utility retailers are entitled to a credit or refund subject to the three–year limitation imposed by SDCL 10–45–53, it follows that any relief in the present case must come from the utilities, since any remedy available here is derivative of such credit or refund.[4] The manner in which the consumer class and the utility companies are described in the pleadings in this case indicates that the relief appellant seeks does not exceed the credit or refund that will be adjusted to the utilities in the related litigation.

The order of the circuit court is affirmed to the extent it dismissed appellant's action against the State, but is reversed insofar as it dismissed appellant's action against the utility companies. The case is remanded accordingly.

All the Justices concur.

---

3. In view of this conclusion, we do not reach appellees' alternative contentions that appellant has failed to exhaust his administrative remedies under SDCL 10–45–53 or that a class action for sales tax refunds is otherwise precluded by the rationale expressed in *Lick v. Dahl*, supra.

4. Evidence that the one percent excess tax was actually shifted to the customer is, of course, an essential element of proof.