**Larry VAN EMMERIK, for Himself, and All Others Similarly Situated, Plaintiff and Appellant,**

v.

**MONTANA DAKOTA UTILITIES CO., a Corporation, et al., Defendants and Appellees,**

**and**

**Larry VAN EMMERIK, for Himself and All Others Similarly Situated, Plaintiff and Appellant,**

v.

**BLACK HILLS POWER AND LIGHT COMPANY, et al., Defendants and Appellees.**

Nos. 13614, 13615.

Supreme Court of South Dakota.

Argued Sept. 10, 1982.

Decided April 13, 1983.

Rehearing Denied May 18, 1983.

---

See also 298 N.W.2d 799 and 298 N.W.2d 804.

Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, for defendants and appellees Investor Owned Utilities.

Robert B. Frieberg of Frieberg, Frieberg & Peterson, Beresford, for defendants and appellees Municipal Corporations.

Alan F. Glover, Brookings, for defendants and appellees Rural Elec. Cooperatives; Vince J. Protsch, Howard, Leo P. Flynn, Milbank, on brief.

George A. Bangs of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, Gale A. Fisher, P.C., Sioux Falls, for plaintiff and appellant.

WOLLMAN, Justice.

This is a consolidated appeal from orders denying attorneys' fees and summary judgments dismissing appellant's actions upon the merits with prejudice. We affirm.

In March of 1979, appellant commenced a class action (*Van Emmerik I*) seeking a refund of sales taxes from the State and retailers of utility services for the collection of taxes in excess of the rate imposed by SDCL 10–45–6. In June of 1979, several investor-owned utilities brought administrative proceedings seeking a refund of excess sales taxes paid. In February of 1980, appellant commenced a separate action (*Van Emmerik II*) against all investor-owned utility corporations, all municipal corporations, and all rural electric cooperatives, seeking a declaration that the legal rate of the tax was three percent and asking for a refund or credit for sums illegally collected.

The circuit court, determining that the State had not collected a sales tax in excess of that imposed by statute, rendered judgment denying the relief sought in the investor-owned utilities case and subsequently entered an order dismissing appellant's complaint in *Van Emmerik I*. Both appellant and the investor-owned utilities appealed to this court. In *Matter of Sales Tax Refund Applications*, 298 N.W.2d 799 (S.D. 1980), we held that the sales tax rate imposed by SDCL 10–45–6 was three percent and that since 1969 the State had collected a sales tax in excess of the amount imposed by statute. We accordingly reversed and remanded for a determination of a refund or credit in favor of the utilities. In *Van Emmerik v. State*, 298 N.W.2d 804 (S.D. 1980), we concluded that the doctrine of sovereign immunity prevented appellant, either as a representative of his class or in his individual capacity, from having standing to seek a refund from the State; we also held that appellant was entitled to proceed against the utilities for derivative relief. In January of 1981, appellant filed a petition for interim attorney fees in both *Van Emmerik I* and *Van Emmerik II*. The circuit court allowed appellant to file an amended complaint in *Van Emmerik II*. This amended complaint alleged that the utilities, acting under color of state law, had deprived appellant of property without due process of law in violation of 42 U.S.C. § 1983 and that appellant was entitled to attorney fees under the provisions of 42 U.S.C. § 1988.

Senate Bill 40 was enacted by the 1981 Legislature and signed by the Governor on January 30, 1981, as an emergency act in effect as of that date. Senate Bill 40 raised

the tax rate on utility services to four percent retroactively from May 1, 1980, to July 1, 1969, and to five percent retroactively from the effective date of the act to May 1, 1980. Senate Bill 40 specifically validated and ratified collection of taxes at these rates prior to the adoption of the bill. We granted an alternative writ of prohibition ordering the State to desist and refrain from acting pursuant to the bill until further order of this court. In April of 1981, we upheld the constitutionality of Senate Bill 40. *State ex rel. Van Emmerik v. Janklow,* 304 N.W.2d 700 (1981) (*appeal dismissed,* 454 U.S. 1131, 102 S.Ct. 986, 71 L.Ed.2d 285 (1982)).

The circuit court subsequently entered summary judgment against appellant in his action to obtain a sales tax refund from the utility companies and on his motion for interim attorneys' fees. The only issue presented in this appeal is whether appellant's efforts in *Van Emmerik I* and *Van Emmerik II* entitle him to an award of attorneys' fees.

The general rule in the United States is that absent statute or enforceable contract, litigants pay their own attorneys' fees. *Alyeska Pipeline Service Co. v. Wilderness Soc.,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). We have consistently followed this rule. *See, e.g., Noll v. Brende,* 318 N.W.2d 319 (S.D.1982); *Matter of Estate of Weickum,* 317 N.W.2d 142 (S.D.1982); *Boland v. City of Rapid City,* 315 N.W.2d 496 (S.D.1982); *Scherf v. Myers,* 258 N.W.2d 831 (S.D.1977); *Shaffer v. Honeywell, Inc.,* 249 N.W.2d 251 (S.D.1976); *Tracy v. T & B Construction Co.,* 85 S.D. 337, 182 N.W.2d 320 (1970); *DuPratt v. Black Hills Land and Abstract Co.,* 81 S.D. 637, 140 N.W.2d 386 (1966); *Dodds v. Bickle,* 77 S.D. 54, 85 N.W.2d 284 (1957); *Carlson v. City of Faith,* 75 S.D. 432, 67 N.W.2d 149 (1954); *Calmenson Clothing Co. v. Kruger,* 66 S.D. 224, 281 N.W. 203 (1938). This principle is incorporated into our statutory law. *See* SDCL 15–17–6; SDCL 15–17–7.[1] Appellant contends, however, that his case falls within one of the exceptions to this principle and also falls within the Federal Civil Rights Act.

■ One exception to the rule against awarding attorneys' fees is the common fund doctrine. *See, e.g., Boeing Co. v. Van Gemert,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980); *Sprague v. Ticonic National Bank,* 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939); *Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1882). This exception allows an award of attorneys' fees from a common fund when a plaintiff, usually on behalf of a class, has successfully maintained an action that benefits a group of others in the manner that it benefits himself. *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970). This exception prevents unjust enrichment by requiring those who obtained benefit from the plaintiff's efforts to contribute equally to the litigation expenses. *Mills, supra.*

■ Application of the common fund exception is appropriate when the classes of persons benefited by the lawsuit are small in number, easily identifiable and the benefits can be traced with some accuracy. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. at 265, 95 S.Ct. at 1625, 44 L.Ed.2d at 157, n. 39. "[T]he criteria are satisfied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a lump-sum judgment recovered on his behalf." *Boeing Co. v. Van Gemert, supra* 444 U.S. at 479, 100 S.Ct. at 749, 62 L.Ed.2d at 682.

---

1. SDCL 15–17–6 provides:

The compensation of attorneys and counselors at law for service in civil and criminal actions and proceedings must be left to the agreement, express or implied, of the parties. SDCL 15–17–7 provides:

The court may allow attorneys' fees as costs for or against any party to an action only in the cases where the same is specifically provided by statute, but nothing herein shall abridge the power of the court to order payment of attorneys' fees in all cases of divorce, annulment of marriage, or for separate maintenance and alimony, where the allowance of the same before or after judgment shall seem warranted and necessary to the court. Nor shall anything herein abridge the power of the court to allow attorneys' fees from trusts administered through the court.

■ Appellant contends that his commencement of *Van Emmerik I* was the catalyst for the utilities to commence their refund case and that his efforts in *Van Emmerik I* and *Van Emmerik II* created two funds.[2] "Fund I" represents approximately fifteen million dollars, the amount that appellant claims was to be refunded or credited as a result of *Matter of Sales Tax Refund, supra,* and *Van Emmerik v. State, supra.* "Fund II" represents approximately $2,226,000, the amount appellant estimates was saved by the utilities' reducing their rates from five percent to three percent from December of 1980 to May of 1981.

In its order denying attorneys' fees, the trial court stated that appellant "neither prevailed on the merits nor established a fund from which a reward can be made." Although we believe that appellant prevailed on the merits in *Van Emmerik I,* at least in the sense of obtaining judicial vindication of his claim, we agree that Senate Bill 40 precluded the establishment of what appellant has characterized as Fund I.

■ Likewise, we can hardly characterize what appellant refers to as "Fund II," the amount of which is disputed by the utility companies, as a "lump-sum judgment." *Boeing, supra.* In short, there is in existence no such fund. Accordingly, we cannot award attorneys' fees under the common fund exception. *See generally,* Annot., 89 A.L.R.3d 690 (1979).

■ Appellant urges us to apply another exception to the American rule, the so-called substantial benefit rule, which, as summarized by the United States Supreme Court in the *Mills* case, *supra,* permits:

reimbursement in cases where the litigation has conferred a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them. This development has been most pronounced, in shareholders' derivative

actions, where the courts increasingly have recognized that the expenses incurred by one shareholder in the vindication of a corporate right of action can be spread among all shareholders through an award against the corporation, regardless of whether an actual money recovery has been obtained in the corporation's favor.

396 U.S. at 394, 90 S.Ct. at 626, 24 L.Ed.2d at 607 (footnote omitted).

This rule has been applied by the California courts to award attorneys' fees against public entities. *See, e.g., Mandel v. Hodges,* 54 Cal.App.3d 596, 127 Cal.Rptr. 244 (1976); *Knoff v. City and County of San Francisco,* 1 Cal.App.3d 184, 81 Cal.Rptr. 683 (1969). Inasmuch as we have already held that the State was immune from suit for a refund of the alleged overpayment of taxes, *Van Emmerik v. State, supra,* we are not disposed to hold the State liable for attorneys' fees. In *Carlson v. City of Faith, supra,* the Court noted that the purpose of the statute (now SDCL 15–17–18) that authorizes the award of attorneys' fees in suits by taxpayers to recover on behalf of a governmental entity wrongfully expended public funds is "to make the aggressive taxpayer whole and to avoid imposing on him the penalty of personally paying his attorneys in an action brought in behalf of all other taxpayers to redress a public wrong." 75 S.D. at 436–37, 67 N.W.2d at 151. We note that the Court went on to limit the source of funds out of which such an award may be made to those amounts actually recovered under the judgment of recoupment, thus negating any concept of an open-ended recovery based upon the benefit conferred by the vindication of the statutes prohibiting self-dealing by public officials.

Likewise, we see no benefit accruing to the utilities as a result of appellant's law suit. As pointed out by Justice Fosheim in his opinion for the Court in *Van Emmerik v. State, supra,* the utilities may pass the sales tax on to their customers. The record before us does not indicate that this was not done. That being the case, the utilities can

2. During oral argument, counsel for one of the utility companies conceded that *Van Emmerik I* had prompted the utilities to commence the action for a refund.

hardly be said to have benefited in any substantial way from appellant's attack on the rate of sales tax being charged. Likewise, the utilities cannot be said to have been guilty of wrongdoing in following the erroneous directives of the Department of Revenue following the 1969 amendments to the sales tax statutes. Thus the corporate wrongdoing and the substantial benefit cases, *see e.g., Mills, supra,* and *Boeing, supra,* are inapposite.

■ Appellant contends that the *Van Emmerik* litigation benefited the public because it is in the public interest that state officials be called to account when their actions are not within the bounds of law. The United States Supreme Court in *Alyeska Pipeline Co. v. Wilderness Society, supra,* considered the issue of awarding attorneys' fees for public interest litigation in the federal courts and rejected this private-attorney-general exception. The Court reasoned that it would not invade Congress' province and allow the federal courts "to pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others, depending upon the courts' assessment of the importance of the public policies involved in particular cases." *Alyeska, supra* 421 U.S. at 269, 95 S.Ct. at 1627, 44 L.Ed.2d at 159–60. As we have already pointed out, this Court in *Carlson v. City of Faith, supra,* impliedly rejected the concept of an extra-statutory award of attorneys' fees for the redress of a public wrong. Moreover, we find persuasive the holding of the Court in *Alyeska,* and we apply it to the cases before us. In so doing, we follow the lead of the Supreme Court of Illinois. *Hamer v. Kirk,* 64 Ill.2d 434, 1 Ill.Dec. 336, 356 N.E.2d 524 (1976).

■ Appellant also contends that he prevailed under 42 U.S.C. § 1983[3] of the Federal Civil Rights Act, and is therefore entitled to attorneys' fees pursuant to 42 U.S.C. § 1988.[4]

Appellant, however, did not amend his complaint to include this cause of action until after our decision was rendered in *State v. Van Emmerik, supra,* and *Van Emmerik II* was dismissed at the trial level subsequent to our decision in *State, ex rel. Van Emmerik v. Janklow, supra.* It is impossible, therefore, to conclude that appellant prevailed on a 42 U.S.C. § 1983 cause of action. Accordingly, appellant is not entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. Moreover, we held in *Boland v. City of Rapid City, supra,* that purely private property right claims are not within the purview of the claims for which attorneys' fees are awardable under § 1988. Although appellant's lawsuits may have provided the impetus for the chain of events that culminated in Senate Bill 40, at heart it was an action to recover money, as were the actions in *Boland.*

The orders denying attorneys' fees and the summary judgments are affirmed.

FOSHEIM, C.J., and MORGAN, J., concur.

DUNN and HENDERSON, JJ., dissent.

DUNN, Justice (dissenting).

To the extent the majority opinion denies attorney fees under the "substantial benefit

**3.** 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

**4.** 42 U.S.C. § 1988 provides:

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of this Title, and of Title "CIVIL RIGHTS," .... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

rule" as defined in *Mills v. Electric Autolite Co.*, 396 U.S. 375, 394, 90 S.Ct. 616, 626, 24 L.Ed.2d 593, 607 (1970), I must respectfully dissent.

My review of this case convinces me that the public did receive a substantial benefit as a result of the litigation instituted in *Van Emmerik v. State*, 298 N.W.2d 804 (S.D.1980). The majority opinion notes in footnote 2 that this litigation prompted utility companies to seek sales tax refunds from the South Dakota Department of Revenue for sales tax collected in excess of that statutorily authorized. Although the refund was ultimately denied as a result of our decision in *State ex rel. Van Emmerik v. Janklow*, 304 N.W.2d 700 (1981) *cert. den.* 454 U.S. 1131, 102 S.Ct. 986, 71 L.Ed.2d 285 (1982), tax savings were, nonetheless, experienced by South Dakota taxpayers. During the period of December of 1980, to May of 1981, the taxpayers of South Dakota felt the rate of sales tax on utility services decrease from five percent to the legal three percent rate. As noted in the majority opinion, this resulted in a savings to South Dakota taxpayers and utility companies of approximately $2,226,000.

SDCL 15–17–18 authorizes the award of attorney fees in suits brought by taxpayers to recover, public funds which have been wrongfully expended. While we note the statute deals with the funds expended by cities, school districts and counties, we still find the rationale stated therein to be persuasive in the case at hand. We noted in *Carlson v. City of Faith*, 75 S.D. 432, 436–37, 67 N.W.2d 149, 151 (1954), that reimbursing attorney fees, costs and expenses was intended "to make the aggressive taxpayer whole and to avoid imposing on him the penalty of personally paying his attorneys in an action brought in behalf of all other taxpayers to redress a public wrong."

The majority would have us read the rationale provided in *Carlson, supra,* narrowly and deny recovery of attorney fees because no refund was actually made to the public treasury in this case. While a refund was blocked in this case in *State ex rel. Van Emmerik, supra,* the public still received an "equitable refund" in the amount of $2,226,000 which they received in the form of lower utility sales tax bills. This is an amount actually recovered and saved by the public as a result of this litigation. While acknowledging this benefit to the public, the majority opinion still concludes the proponents of this case should bear the entire cost of the litigation. In my mind this is inequitable and it violates the rationale provided in *Carlson, supra,* by "penalizing" the taxpayer for bringing the action.

I believe the attorneys should be compensated for their services in this litigation and I suggest the following alternatives to accomplish this end. First, I would suggest payment could be made from sales tax revenue already collected from utility customers. Contrary to the majority's characterization of this approach as holding the State liable, this would simply be a payment by the taxpaying public for services rendered. In effect, it would be an allocation from sales tax collected from the public for attorney fees incurred. While this would temporarily result in utility sales tax collections below that statutorily authorized, it would be a small price to pay for the estimated $2,226,000 benefit received. My second alternative would not reduce the utility sales tax collection at all. Here, I would suggest that utility customers be temporarily billed for the attorney fees awarded as an add-on to the utility sales tax. Spread across the consuming public this would mean only pennies in temporary increases as compensation for approximately $2,226,000 in tax savings. Moreover, it would preserve our position as stated in *Carlson, supra,* which is to avoid penalizing citizens who protect the public interest by awarding them attorney fees when they are successful in their efforts.

I am authorized to state that Justice HENDERSON joins in this dissent.