In re Request for OPINION OF THE SU-
PREME COURT Relative to the Consti-
tutionality of Senate Bill No. 188, Fifty-
Seventh Session, South Dakota Legisla-
tive Assembly, 1982.

No. 13828.

Supreme Court of South Dakota.

June 28, 1982.

TO HIS EXCELLENCY, WILLIAM J.
JANKLOW, THE GOVERNOR OF THE
STATE OF SOUTH DAKOTA.

Pursuant to Article V, § 5 of the South
Dakota Constitution, you have requested an
opinion of the Supreme Court on an impor-
tant question of law involved in the exer-
cise of your executive power. The factual
basis of your request is as follows:

Senate Bill No. 188 has been duly enacted
by the members of the Senate and the
House of Representatives of the Fifty-
Seventh Session, South Dakota Legisla-
tive Assembly, enrolled by the Senate,
and was presented to the Governor and
signed on the 3rd day of March, 1982.
That effective July 1, 1982, Senate Bill
188 will go into effect at which time
monies will be accumulated for appropri-
ation pursuant to the Act during state
fiscal year, 1983. The Act is entitled "An
Act to provide liquidated costs in criminal
cases and appropriate the assessment to
law enforcement, judicial training and
public defense functions." The Act
amends provisions of SDCL 23-3-52, 23-
3-53, 23-3-55, 23A-27-25, and 23A-27-
26 and is attached hereto and incorporat-
ed by reference.

Senate Bill 188, which appears in 1982
South Dakota Session Laws as Chapter 186,
amends certain provisions of South Dakota
Codified Laws as specified in the factual
statement set forth above. Those sections
directly relevant to your request are as
follows:

23-3-52. In addition to any other pen-
alty, assessment or fine provided by law,
there shall be levied liquidated costs in
the amount of twelve dollars for partial
reimbursement to state government and
its subdivisions for law enforcement and
judicial expenses incurred in providing
the personnel, training and facilities rela-
tive to the criminal justice system, on
each conviction for the following:

(1) Violation of state statutes or regu-
lations having criminal penalties; or

(2) Violation of county or municipal or-
dinances regulating moving traffic vio-
lations.

If a fine is suspended in whole or in part,
the liquidated costs for law enforcement
and training shall not be reduced, except
that the judge may waive all or any part
of the payment of liquidated costs which
would work a hardship on the person
convicted or on his immediate family.

23-3-55. Moneys in the law enforce-
ment officers training fund shall be an-

nually appropriated by the Legislature to be used with any other moneys otherwise appropriated to pay necessary costs of law enforcement, law enforcement training, and judicial training and to pay expenses for the operation of the law enforcement officers standards commission. The twelve dollar fee shall be allocated as follows:

(1) Three dollars for law enforcement training programs conducted by the office of the attorney general through the law enforcement officers standards commission;

(2) Seven dollars for highway safety law enforcement training, the operation of the statewide drug enforcement unit, state law enforcement equipment, the state crime laboratory, the training of corrections personnel, the training of prosecutors, unified judicial system personnel, and other law enforcement and training purposes;

(3) Two dollars for the court appointed attorney and public defender payment fund.

The questions of law that you request that we answer are as follows:

### I

Are the liquidated cost provisions of Senate Bill No. 188, Fifty-Seventh Session, South Dakota Legislative Assembly, 1982, consistent with the other provisions or rights secured by the Constitution of the United States, or the South Dakota Constitution?

### II

Do the provisions of Senate Bill No. 188 which authorize the use of proceeds for law enforcement, judicial and public defense functions violate Article VIII, § 3 of the South Dakota Constitution which requires that the proceeds of all fines collected from violations of state laws be distributed proportionally to the school districts.

You have requested this advisory opinion to avoid litigation such as that which occurred in *Van Emmerik v. State*, 298 N.W.2d 804 (S.D.1980), and State ex rel. *Van Emmerik v. Janklow*, 304 N.W.2d 700 (S.D.1981).

After carefully considering your request in the light of the factual situation set forth in your request, we must respectfully decline to honor your request for an advisory opinion concerning this matter.

South Dakota Constitution Article V, § 5 provides in part that "The Governor has authority to require opinions of the Supreme Court upon important questions of law involved in the exercise of his executive power and upon solemn occasions." Although your request speaks in terms of an important question of law involved in the exercise of your executive power, the factual statement and the legal questions set forth in your request lead us to the conclusion that once you signed Senate Bill 188, no further exercise of your executive power is required by the provisions of Senate Bill 188. Accordingly, we conclude that the situation presented to us by your request is similar to that which caused us to decline to answer a request for an advisory opinion presented by one of your predecessors. See *To His Excellency Wollman*, 268 N.W.2d 820 (S.D.1978). There, we declined to answer the request for an opinion because we concluded that no action that the Governor proposed to take would be affected by our answer and because the Governor was not required to exercise his executive power under the act of the legislature that formed the basis of the request for an advisory opinion.

You have not stated, and rightly so, that the facts set forth in your request for an opinion rise to the level of a solemn occasion. See *To His Excellency Wollman*, supra; *In re Opinion of the Judges*, 34 S.D. 650, 147 N.W. 729 (1914). In *Wollman*, supra, we stated:

It also appears to us that alternative remedies exist, and although they may involve some expense and delay, they are not sufficiently inadequate so as to justify circumventing the judicial process. We believe that the need for a determina-

tion is not so urgent as to require our opinion at this time.

268 N.W.2d at 823.

We believe that these statements are equally true of the facts presented here. Accordingly, we conclude that the alternative basis for rendering an advisory opinion is not available to us.

Respectfully submitted this 28th day of June, 1982.

ROGER L. WOLLMAN
Chief Justice
FRANCIS G. DUNN
FRANK E. HENDERSON
JON FOSHEIM
Associate Justices

I would honor Governor Janklow's request. After reviewing the authority for declining to honor the Governor's request for an opinion in this case, I cannot agree with my confreres. The questions presented are important questions of constitutional law, particularly the issue of the constitutionality of Senate Bill 188 in the light of the provisions of Article VIII, § 3 of the South Dakota Constitution. Due process rights, however, are not involved, *In re Opinion of the Judges*, 43 S.D. 645, 180 N.W. 64 (1920), and thus, we are not prevented from granting this request. No one who will be affected by the legislation will be denied their day in court. *In re House Resolution No. 30*, 10 S.D. 249, 72 N.W. 892 (1897). While a constitutional issue might be reviewed better on appeal with briefs and oral arguments, in my opinion, it is doubtful that we would receive the benefit of any meaningful adversarial presentations because of the small financial amount, i.e., twelve dollars, involved in any given case.

ROBERT E. MORGAN
Associate Justice